### INGRAM v. INGRAM.

### No. 12407.

Court of Civil Appeals of Texas. Galveston.
·May 8, 1952.

Fields & Fields, John Dowdy, of Athens, for appellant.

Justice & Justice, of Athens (Wm. Wayne Justice, Athens, of counsel), for appellee.

MONTEITH, Chief Justice.

This appeal in a divorce action was brought by Mabel Ingram, against appellant, Grady L. Ingram, in the District Court of Anderson County on August 7, 1951. In a trial before the court default judgment was rendered on September 5, 1951, granting the divorce. No motion for new trial was made in the trial court. On November 14, 1951, another judgment was rendered by the trial court setting aside the judgment rendered on September 5, 1951, and decreeing a divorce of appellee from appellant as of September 6, 1951. The November 14, 1951, judgment recited all parties were before the court, both in person and by their attorneys and that they had joined in a request to the court that the judgment of September 5, 1951, as entered in said case be set aside, and that the evidence be

again heard and that judgment in said cause be entered as of September 6, 1951.

Appellant contends in his 5 points of assigned error that the trial court committed fundamental error in setting aside the judgment rendered on September 5, 1951 and decreeing a divorce in said cause as of September 6, 1951, for the alleged reason that the judgment rendered on September 5th had become final since no motion for new trial had been filed after the rendition of the judgment and that more than 30 days had elapsed after the rendition of the judgment, and that the term of court at which the judgment was rendered had expired. Appellant further complains of the action of the trial court in granting a divorce for the alleged reason that the plaintiff's petition affirmatively shows that appellee was living in Trinidad, Texas, which town is in Henderson County, Texas, approximately a month prior to the date of the filing of her petition for divorce in Anderson County on August 7, 1951.

No statement of facts has been filed in this Court.

While Rule 374, Texas Rules of Civil Procedure, provides that a ground of error not distinctly set forth in the motion for new trial shall be considered as waived, this rule was modified by the Supreme Court in the case of Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979, 983, in which it is held that unassigned errors of a fundamental nature may be considered by the Courts of Civil Appeals, and that, " * * * an error which directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this state, is a fundamental error."

Judge Alexander, in a concurring opinion in the Ramsey case, held that the Court of Civil Appeals is authorized to reverse a judgment of the trial court upon an unassigned error only when it involves a matter of public interest and when the record affirmatively and conclusively shows that the appellee was not entitled to recover or where the record affirmatively shows that the court rendering judgment was without jurisdiction over the subject matter.

Under this authority questions as to whether the appeal involves a matter of public interest, and whether the court rendering the judgment had jurisdiction over the subject matter of the suit seem to be controlling issues.

It is undisputed that under Article 5, Section 8, of the Constitution of the State of Texas, Vernon's Ann.St., the District Court has jurisdiction of divorce suits.

"Among the powers of a court which persist beyond the expiration of the term is the authority to set aside a void judgment, especially when the record upon which the judgment is based reflects the vice. A judgment not merely erroneous, but an absolute nullity, can have no binding force, either in the tribunal in which it was rendered or in any other in which it may be brought in question." 25 Tex. Jur. 551, Sec. 156.

In the case of Snow v. Snow, Tex.Civ. App., 223 S.W. 240, it is held that a judgment granting a divorce before the expiration of the statutory period of thirty days from the date of filing of the suit, in violation of Article 4632 of Vernon's Ann. Tex.St., is void and not merely voidable so that motion to set it aside after the term need not show a meritorious defense to the suit.

As to whether the alleged error complained of involves the interest of the public to the extent that it may be considered by this Court, it is said in 3–B Tex.Jur. 35, Sec. 684 that, "As an illustration of an error affecting public interest within the foregoing rule, it would constitute fundamental error under the Rules of Civil Procedure to render judgment on a contract which is void because in violation of the anti-trust law, or to render judgment for a person not entitled to hold public office."

In this appeal, it is, we think, obvious that the matters in controversy and the result of the suit can be of consequence to the litigants involved alone and that no broad question of public interest is involved in the appeal.

In the case of Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705, 707, it is said

that, "* * * the court has not only the power but the duty to vacate the inadvertent entry of a void judgment at any time, either during the term or after the term, with or without a motion therefor."

The following authorities are in accord with the rule announced in the Bridgman case: Mosier v. Meek, Tex.Civ.App., 235 S.W.2d 686; Barton v. Montex Corporation, Tex.Civ.App., 295 S.W. 950.

It is undisputed in the record that appellee filed her original petition in this appeal on August 7, 1951. On the 29th day thereafter, the 5th day of September, 1951, a default judgment was rendered granting appellee a divorce from appellant. On November 14, 1951, judgment was rendered in the same suit setting aside the judgment rendered on September 5th decreeing a divorce from appellant as of the 6th day of September, 1951, the decree reciting that the parties to the suit had requested the court to take such action.

Under the above cited authorities, it is, we think, obvious that the trial court in the instant case had the power and authority, and it was his duty, to set aside and hold for nought the judgment of September 5, 1951.

The first paragraph of the judgment entered on November 14, 1951, contains the recitation that, "On this the 14th day of November, 1951, at a regular term of this Court, it having been called to the attention of the Court in open court that the judgment heretofore entered in this Cause on the 5th day of September, A. D. 1951, was entered prematurely and prior to the time that same had been on file for the required thirty day period, * * *, and all parties being before the court, both in person and by their attorneys; did join in a request to the court in open court that the judgment of September 5, 1951, as entered in this case be set aside, that the evidence again be heard, and that judgment be entered herein as of September 6, 1951 * * *." The last paragraph of this judgment states, "Dated, rendered and entered on this the 14th day of November, 1951, but to be effective as of September 6, 1951."

■ The judgment first rendered in the suit was void, and since the court had power and authority to set it aside, the suit was still pending on November 14, 1951, no final judgment having been rendered at that time.

Rule 11, T.R.C.P., provides that, "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." ·

■ The agreements between the parties were made in open court, and were on the same day incorporated in the court's judgment, in accordance with the provision of said Rule 11, and became immediately binding and effective upon the parties.

In 39 Tex.Jur. 295, Sec. 16, it is said that, "A party to a cause is bound by valid stipulations entered into by his attorney of record. Such stipulations work an estoppel and are conclusive as to all matters necessarily included therein."

■ It is fundamental that the Courts of Civil Appeals may and should modify a judgment so that it will conform to the powers of the trial court, and since it is undisputed that the judgment of November 14, 1951, was rendered after the expiration of the thirty day period, there can, we think, be little doubt that both the trial judge and the parties to the suit intended that the judgment should become effective as of the 31st day after the filing of the suit on September 7, 1951.

In 3-B, Tex.Jur. 543, Sec. 985, it is said that, "Appellate courts are clothed with power to render such judgment as the lower court should have rendered, and in so doing may modify the judgment rendered so as to make it conform to the one which should have been rendered." And in 3-B, Tex.Jur. 547, Sec. 987, it is said that, "An otherwise valid judgment may be corrected on review so as to conform it to the jurisdictional powers of the trial court. Thus elements of relief which the court had no jurisdiction to award may be eliminated from the judgment."

■ The judgment in the instant case is, we think, under the above authorities, entirely valid except for the proviso making the decree effective as of September 6, 1951.

■ As to appellant's contention that the trial court erred in setting aside the judgment of September 5, 1951, and granting a divorce herein in the judgment rendered November 14, 1951, no suit having been filed seeking such relief, the record reflects that appellant, having invited the alleged error by the court, may not now complain of such error on appeal.

In 3-B Tex.Jur. 314, Sec. 885, it is said that, "A litigant on appeal or writ of error may not seek a reversal for error which he himself has committed or invited. The principle is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised. Not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of but merely closes the mouth of the complainant."

In the case of Reynolds v. McMan Oil & Gas Co., Tex.Com.App., 11 S.W.2d 778, 785, it is said that, "Orderly procedure would not permit counsel to lead the court into an error and then to complain of the court's doing precisely what he was asked to do."

In view of the law and the facts shown by the record, it follows, we think, that appellant can not now be heard to complain of an alleged error of the court's judgment invited by himself.

■ As to appellant's contention that the court erred in granting a divorce in this action when the allegations in her petition show that she was living in Henderson County, Texas, approximately thirty days prior to the filing of her suit, appellee's original petition affirmatively alleges that she resided in Anderson County, Texas, where the suit was filed and that during that time she lived and co-habited with her husband. Judgment was rendered for appellee in the court's judgment and no statement of facts was filed in this Court. In the absence of a statement of facts in this Court, it will be presumed that there was

sufficient evidence to sustain the judgment of the trial court and the question of appellee's residence was necessarily found by the trial court to have been in Anderson County.

"Every reasonable presumption, consistent with the record, will be indulged in favor of the findings and judgment of the trial court, and no presumptions will be indulged against the validity of the judgment." 3-B Tex.Jur. 376, Sec. 913.

Appellant's motion pursuant to Rule 405, T.R.C.P., to dismiss the appealed-from judgment rendered on the 14th day of November, 1951, and his motion to strike portions of the transcript, are hereby refused.

Finding no reversible error in the record, judgment of the trial court is affirmed.