W. J. McCAULEY, Appellant,

v.

CONSOLIDATED UNDERWRITERS, Appellee.

No. 6085.

Court of Civil Appeals of Texas.

Beaumont.

March 21, 1957.

Rehearing Denied April 17, 1957

McDaniel & Hunt, Center, for appellant.

Ramey, Calhoun, Brelsford & Hull, Tyler, for appellee.

HIGHTOWER, Justice.

This is an appeal from an order of the district court of Shelby County, Texas, setting aside its judgment, under the Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8306 et seq., previously rendered, by default, in the plaintiff's favor and said plaintiff, as appellant herein, has assigned nine points of error which may properly be considered under the following propositions:

(1) The court's action in vacating the default only on motion was void, as it was done six months after the original judg-ment, at a subsequent term of court, in con- travention of Rule 329–b, Sec. 5, Texas Rules of Civil Procedure, relating to new trial, finality of judgments, bill of review. (2) That the order of remand having been for want of jurisdiction, the State court, therefore, had jurisdiction at the time of default and that such judgment was proper and being valid in every respect could only have been attacked by bill of review. (3) That the attorneys for appellant, owning a one-third interest in the judgment, were not joined as parties in the motion to vacate.

The plaintiffs' case for total and permanent incapacity was filed on the 7th day of November, 1955, in the district court of Shelby County, November, December term, and process was completed on the defendant the following day. Within twenty days thereafter, the defendant filed a petition for removal of the case in and to the United States District Court for the Eastern District of Texas, Beaumont Division. On November 19, 1955 defendant also filed his answer in the Federal Court, and both the petition and answer stated a diversity of citizenship as grounds for removal. A copy of this petition was thereafter filed in the State court on or about November 19, 1955.

On December 5, 1955, the same being appearance day in the State court, the plaintiff took a default judgment in the amount of $8,647.64, as the defendant had filed no answer therein.

On the 18th day of June, 1956, the Federal Court, acting upon plaintiff's motion, remanded the cause to the State court and, thereafter, on the 3rd day of July, 1956, the State court, acting upon the motion of defendant, and over the objection of the plaintiff, entered its order setting aside and vacating the default judgment previously rendered, said order stating, as reasons and ground therefor, "that said judgment was rendered without jurisdiction for the sole reason of the removal procedure * * *."

The State court's action, as is this appeal, was governed by title 28 U.S.C.A. as amend-

ed, § 1446, paragraphs (a) and (e) thereof, which are as follows:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action."

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and *the State court shall proceed no further unless and until the case is remanded."* (Italics ours.)

 We believe the sole question is whether the State court was justified, by reason of the foregoing rule of procedure, to set aside the judgment by default, under the facts as herein stated, for want of jurisdiction at the time of its rendition. If so, then it matters little that the attorneys, who owned a one-third interest, contingent upon final recovery under the judgment, were not joined as parties defendants, and it appears that the primary question is determined by the following language in Bridgman v. Moore, Tex.Com.App., 143 Tex. 250, 183 S.W.2d 705, 707: "The court has not only the power but the duty to vacate the inadvertent entry of a void judgment at any time, either during the term or after the term, with or without a motion therefor." See cases there cited; Ingram v. Ingram, Tex.Civ.App., 249 S.W.2d 86; 25 T.J. p. 551; Towns v. Towns, Tex.Civ. App., 290 S.W.2d 292. That it is an essential element of jurisdiction that a court have the authority and power to enforce its judgment, see: White v. White, 142 Tex. 499, 179 S.W.2d 503; Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Withers v. Patterson, 27 Tex. 491, 494.

Prior to 1949, the old law, 28 U.S.C.A. § 72, was controlling of this problem in appellant's favor. It was then the law that the defendant, when petitioning for removal, must assume the consequences if the case is remanded and he has not preserved his rights in the State court, because if the case was remanded, as in the case at bar, for want of jurisdiction, the Federal Court was regarded as never having had jurisdiction, and consequently a default judgment had in the State court, pending the hearing on the petition for removal, was valid as the remand of the case was determinative that the State court had never lost jurisdiction; Yankaus v. Feltenstein, 244 U.S. 127, 37 S. Ct. 567, 61 L.Ed. 1036; Metropolitan Casualty Insurance Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044.

We believe the case of Hopson v. North American Ins. Co., 1951, 71 Idaho 461, 233 P.2d 799, 802, 25 A.L.R.2d 1040, to be identically in point, and, as relating to the case at bar, we quote:

"By providing in Section 1446 that taking such procedural steps effects the removal of the cause to the Federal Court, which is not found in the earlier Act, Congress has thereby expressly effected the removal of the cause to the Federal Court irrespective of the ultimate determination of the question as to whether or not it is removable; it is not thereafter in the State court for any purpose until and unless the cause is remanded; for that reason the State court is expressly prohibited from proceeding further until and unless it is so remanded; under Sec. 72 the removal was never accomplished unless it was a cause removable; under the present Act removal is accomplished and jurisdiction attaches in the Federal Court even though it may be subsequently determined that it should be and is thereafter remanded. Removability is no longer a criterion which gives or denies validity to the proceedings in the State court while a petition for removal to the Federal Court is pending; any such proceedings in the State court under the pres-

ent act are not sanctioned; they are prohibited.

"Apparently to overcome the endless and multiple litigation and resulting severe hardships which arose under Section 72 as construed, the amendment was prompted not only for the purpose of removing from the State court the authority in any event to pass upon the question of removability but also for the purpose of effectuating the removal by following all the statutory steps as effectively as if the cause had originally been filed in the Federal Court, thus voiding any further proceedings in the State court until and unless the cause is remanded."

Appellant interestingly argues:

"The defendant is seeking to hide behind Section 1446(e). Before 1446(e) can help them, it must have complied with Section 1446(a). No petition can comply with Sec. 1446(a) unless the suit is removable under Sec. 1441. No suit is removable under Sec. 1441 unless the Federal Court would have had original jurisdiction under Sec. 1332 of Title 28. No Federal District Court can have jurisdiction under Section 1332 or any other Federal Statute unless authority for such statute is found in Article III, Section 2, U.S. Constitution. That Section does not provide Federal Court jurisdiction in a suit controlled by state law and between citizens of the same state. Therefore, the Federal Court could never have jurisdiction in this case, and the State court could not be deprived of jurisdiction by the unauthorized attempt to remove. Sec. 1446(e) must be read with the remainder of the section, together with Sections 1441 and 1332 of Title 28 U.S.C.A., and with Article III, Sec. 2, Constitution of the United States. The construction appellee seeks to have placed on Title 28, Sec. 1446(e) would render it unconstitutional as applied to this case. It is an established rule of law that the courts will not construe or apply a statute in an obnoxious and unconstitutional manner if the statute can be given another construction which is constitutional. In any case, a defendant's right to removal, if

he has such a right, is purely statutory and only comes into operation when the statute has been complied with."

Paragraph 2 of defendant's petition for removal was as follows:

"This action is one of a civil nature over which the Districts Courts of the United States have original jurisdiction, being an action by the plaintiff against petitioner for Workmen's Compensation benefits. The matter in dispute exceeds $3,000.00, exclusive of interest and costs. At the time of the commencement of this action and at all times material hereto, plaintiff was and is a resident and citizen of the State of Texas, and defendant, a reciprocal insurance company organized under the laws of the State of Missouri, was and is a resident and citizen of the State of Missouri, with its principal office in Kansas City, Missouri."

Appellant appears to contend that inasmuch as a diversity of citizenship did not in fact exist, that, Paragraph (a) of Sec. 1446, as a prerequisite procedural step, was not complied with, and that the Federal Court did not, therefore, take jurisdiction to even consider the merits of appellee's allegations respecting diversity of citizenship in the above portion of the petition for removal. He does not question that appellee timely filed its petition and bond in the Federal Court, or that it failed to comply with all other procedural requirements of Sec. 1446, and the fact remains that all such steps were complied with other than that it failed to establish a diversity of citizenship as alleged.

When appellee's petition and bond were filed, the jurisdiction of the Federal Court attached for the purpose of determining the correctness of the allegations of such petition, and at such time the jurisdiction of the district court was automatically abated pending such determination and the question of whether the cause was removable was one for the consideration of the Federal Court, and was not to be determined or ignored by the State court; Stoll

v. Hawkeye Cas. Co., 4 Cir., 185 F.2d 96, 22 A.L.R.2d 899; Tucker v. Kerner, 7 Cir., 186 F.2d 79, 23 A.L.R.2d 1027; Allen v. Hatchett, 91 Ga.App. 571, 86 S.E.2d 662.

Appellant has established that on several prior occasions appellee sought removal on similar grounds in other similar causes, and that in each instance its petitions were denied for want of jurisdiction and it seems to us, in effect, that by reason thereof, appellant contends that appellee would somehow now be estopped to argue that the Federal Court ever acquired, or the trial court ever lost, jurisdiction in the case at bar, or at least by reason of these former proceedings that we are empowered to disregard the plain import of Sec. 1446, supra. We believe such contention to have been fully determined by all the foregoing reasoning and authorities.

We hold that under 28 U.S.C.A. § 1446, a case is removed from the jurisdiction of the State court upon a compliance with the procedural steps therein set forth for all purposes until and unless it is subsequently remanded to such State court; that until and unless the case is remanded no valid proceedings can be taken in the State court at any time following the filing of such petition and bond and giving notice thereof to all adverse parties and filing a copy of the petition with the clerk of the State court, as was done in the case at bar. Furthermore, that any action so taken in the State court thereafter and prior to remanding the cause to such State court is void and that the trial court correctly vacated the default judgment upon appellee's motion and circumstances as reflected by the judgment record.

All other contentions urged by appellant have been considered; however, the conclusions reached herein dispose of such contentions, and we deem it unnecessary to discuss them.

The order and judgment of the district court of Shelby County vacating and setting aside the default judgment is affirmed.