**CONSOLIDATED UNDERWRITERS,**
Appellant,

v.

**W. J. McCAULEY, Appellee.**

No. 6189.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 8, 1959.

Rehearing Denied Jan. 28, 1959.

Ramey, Calhoun, Brelsford, Hull & Flock, Tyler, for appellant.

McDaniel, Hunt & Fairchild, Center, for appellee.

McNEILL, Justice.

This is the second appeal in this cause. In the first, this court's opinion affirming the judgment of the lower court, is reported at 301 S.W.2d 181. Writ was granted and the Supreme Court (304 S.W. 2d 265) reversed and dismissed the appeal, holding the trial court's judgment was not final but interlocutory.

Appellee has filed in this court a motion to dismiss this second appeal, contending that the order dated September 27, 1957, of the trial court, hereinafter set out is also interlocutory and one from which an appeal may not be taken. He cites the above holding of the Supreme Court therefor. As will be seen hereinafter, we believe this motion is without merit and overrule it.

This is a Workmen's Compensation suit filed in the District Court of Shelby County by appellee McCauley against appellant Consolidated Underwriters. Thereafter and in due time appellant filed removal proceedings on the ground of diversity of citizenship in the U. S. District Court for the Eastern District of Texas, and otherwise complied, as far as the formalities were concerned, with the requirements of Sec. 1446, Title 28 U.S.C.A. Appellee contends that since appellant had instituted removal proceedings on the ground of diversity of citizenship in other cases of similar nature and they had been returned to the State courts by U. S. District Courts, holding in each case that there was no diversity of citizenship justifying removal, and that appellant knew this in this instance, there was actually no removal accomplished in the present case.

However, we believe when the forms of law are complied with in reference to removal of causes under the above section that this effectively removes the case, even though it may be remanded later and during its pendency in the federal court all action is stayed in the state court. Lowe v. Jacobs, 5 Cir., 243 F.2d 432. We adopt our holding on this point on the first appeal.

As stated in the former opinion of this court, after the removal proceedings were perfected and on December 5, 1955, appellee was granted a judgment by default against the appellant for total and permanent disability in the amount of $8,-647.64. After more than two terms of court had expired appellant filed its motion to vacate this default judgment on the ground that the removal proceedings had been completed on November 19, 1955, and were pending in the Federal Court on December 5, 1955, that such default judgment was void, and in the face of the language of the above code, beyond the jurisdiction of the court at the time to render. On the prior appeal this court, in an opinion written by Justice Hightower, held that this default judgment was void and the trial court had authority, as it did on July 3, 1956, to set same aside and grant a new trial to appellant. But appellee urges that since the motion filed by appellant did not have the essentials of a bill of review this action of the court was error. We think, however, whether the motion was sufficient as a bill of review is immaterial. Where a void judgment has been rendered and the record in the cause, or judgment roll, reflects the vice, then the court has not only the power but the duty and even after the expiration of the term to set aside such judgment. Harrison v. Whiteley, Tex.Com.App., 6 S.W.2d 89. This court in Neugent v. Neugent, Tex.Civ.App., 270 S.W.2d 223, followed and applied the rule announced in the Harrison-Whiteley case. The Supreme Court, speaking through Folley, Commissioner, in Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705, at page 707, said: "The court has not only the power but the duty to vacate the inadvertent entry of a void judgment at any time, either during the term or after the term, with or without a motion therefor." We will not extend this discussion further than to state that we here reaffirm the holding on the point involved as announced by Justice Hightower in the former appeal (301 S.W.2d 181). While this holding was premature in view of the action of the Supreme Court (304 S.W.2d 265) reversing our holding, it was not upon the points discussed in Justice Hightower's opinion, but was on the point that since the judgment appealed from was an interlocutory one and not final, the appeal should be dismissed. However, we think our holding then is now appropriate.

After the previous appeal was dismissed by the Supreme Court, the following additional facts were developed in this case. The Transcript, p. 84, reflects the following motion was filed by appellee on August 12, 1957, in the state District Clerk's office. Omitting the style of the case, it is as follows:

"Motion

"To Said Honorable Court:

"Plaintiff in the above case would respectfully show the Court that on December 5, 1955, final judgment was entered in this cause for the plaintiff for $8,647.64, the judgment to bear interest from the date until paid at the rate of 4 per cent per annum and for cost of suit. That in due time said judgment became final and is now a valid, subsisting and unsatisfied judgment against the said Consolidated Underwriters. That after said judgment became final, the trial court attempted to set the judgment aside, after he had lost jurisdiction to do so. Said purported order was entered at the July Term, 1956. Said order was not made upon a bill of review, but was made upon a mere motion of the defendant, Consolidated Underwriters. Under Rule 329–b, Texas Rules of Civil Procedure, the trial court was prohibited from setting the judgment aside and its order attempting to do so is void and of no force and effect, and should be itself set aside and held to be void, leaving the original judgment to be executed upon.

"Premises Considered, plaintiff prays that upon hearing, the court set aside said void order, and that he be allowed his execution upon his original judgment.

"McDaniel & Hunt
" P. O. Box 772
"Center, Texas

"Attorneys for Plaintiff
"By: Richard E. McDaniel

"Judge's Fiat

"This the 12th day of August, 1957, plaintiff having presented the above motion to the Court, same is set for hearing at 5 o'clock P.M. on the 16th day of August, A.D. 1957, at the Courthouse in Carthage, Texas.

"Ward Chandler, District Judge."

Thereafter in this cause the following order was rendered by the District Judge, Tr. p. 88:

"Order

"On the 23rd day of August, 1957, came on to be heard the motion of the plaintiff in the above cause to set aside and vacate the order entered at the July term, 1956, purporting to set aside and vacate the final judgment heretofore entered in this cause on December 5, 1955; and it appearing to the Court, and the Court finding, that said order entered on the 3rd day of July, 1956, is void and of no force and effect, same is hereby in all things set aside and vacated;

"It is further ordered by the Court that final judgment entered in this cause on December 5, 1955, be, and the same is hereby in all things held to be valid, subsisting and unsatisfied.

"Signed and entered this the 27th day of September, 1957.

"Ward Chandler, Judge Presiding."

■■ This is the order or judgment of the court which is the basis of the present appeal, and which we hold to be a final and appealable judgment. This order concludes the whole proceeding. Judge Gallagher, for the Texas Commission of Appeals in Ware v. Jones, 250 S.W. 663, at page 665, defined a final judgment as follows:

"A 'final judgment' is one which awards the judicial consequences which the law attached to the facts and determines the controversies between the parties over the subject-matter. It terminates the litigation of the parties on the merits of the case so that nothing remains to be done but to execute it according to its terms."

We think, also, Hargrove v. Insurance Investment Corporation, 142 Tex. 111, 176 S.W.2d 744, sustains our position.

■■ While there is no statement of facts in the record indicating what, if any, evidence the trial court heard as basis for rendering its judgment of September 27, 1957, the transcript and supplemental transcript reveal without question that the removal proceedings were pending in the Federal Court at the time the default judgment was rendered, and believing that the trial court, in setting aside such default judgment when he did and, in effect, granting a new trial, acted properly, it is our further conclusion that the action of the new trial judge, setting aside such order and reinstating the original default judgment, the same having been done more than two terms after the order vacating the default judgment was rendered, is void as beyond the jurisdiction of the trial court. Appellee contends that since the order of the trial court setting aside the default judgment was interlocutory, the trial court had continuing jurisdiction over it and could set it aside at a subsequent term. But in Brannon v. Wilson, Tex.Civ.App., 260 S.W. 201, at page 203, it is said:

"It is the general rule that until final judgment is rendered all interlocutory judgments are within the control of

the court, and may be set aside even at a term subsequent to that of their rendition. McCoy v. Texas Power & Light Co., supra [Tex.Com.App., 239 S.W. 1105, 1111, 1114]; Black on Judgments, §§ 306, 308; 15 R.C.L. p. 692, § 144. But our Supreme Court has held, and that seems to be generally the holding of other courts, that an order granting a new trial may not be set aside at a subsequent term. Wells v. Melville, 25 Tex. 337; City of San Antonio v. Dickman, 34 Tex. 647; Cook County v. Calumet & C. Canal & Dock Co., 131 Ill. 505, 23 N.E. 629."

Our Supreme Court, in Jones v. Bass, 49 S.W.2d 723, at page 724, expressly approved the language of the Commission of Appeals in this case, where it is said: "The order granting plaintiffs in error a new trial became final at the expiration of the term of court at which it was entered; hence the subsequent order at the succeeding term overruling the motion for new trial is wholly void."

But appellee argues that all presumptions must be indulged in to support the judgment of the court under date of September 27, 1957, setting aside the order setting aside the default judgment since there is no statement of facts, and in his brief suggests that a possible basis of presumption would be that on the hearing of his motion that appellee's attorney may have made certain admissions against interest. In face of the record reflected by the transcript and supplemental transcript, we do not feel justified in acting on such assumption. Much the same argument was made by appellee in Ray v. Rushin, Tex.Civ.App., 225 S.W.2d 208. The court there said, at page 210:

"The case is before us without a statement of facts and the general rule is that every reasonable presumption should be indulged in to support the judgment, but this presumption is indulged only where the record fails to show error. Letot v. Peacock, Tex.Civ. App., 94 S.W. 1121; Rogers v. City of Fort Worth, Tex.Civ.App., 275 S.W. 214; 3 Tex.Jur., p. 1070, sec. 753."

And in Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102, at page 105, it was said:

"The opinion of the Court of Civil Appeals holds that, because there is no statement of facts in this record, it can be presumed that the former husband assigned his interest in this cause of action to the plaintiff. No such assignment was pleaded. We cannot sustain this holding. It is true that it is the general rule that in the absence of a statement of facts it will be presumed that the evidence supports the judgment; but such general rule is not applicable where the judgment for the plaintiff shows upon its face that it is not authorized by the petition, but is directly contradictory thereof."

These cases in principle sustain our position here. In addition we quote from 3–B, Tex.Jur. (Appeal and Error), Sec. 913, p. 381, as follows:

"Presumptions Inconsistent With Record—Presumptions in support of the findings and judgment must be consistent with the record and will be indulged only where the record fails to show error. The court will presume nothing in favor of the findings and judgment that is contrary to the record."

We therefore believe that the order of the trial court, dated July 3, 1957, in this cause should be and is hereby set aside and held void and the order of the trial court vacating the default judgment, dated July 3, 1956, should be and is hereby upheld for the reasons stated by this court in the former appeal, and this cause is, therefore, hereby reversed and remanded in accordance with this opinion.