June Miller McCLUNG, Appellant,

v.

Richard Kent CAMP and Paula McClung Camp, Appellees.

No. 8045.

Court of Civil Appeals of Texas, Amarillo.

Feb. 23, 1970.

Rehearing Denied March 30, 1970.

A. W. Salyars, Lubbock, for appellant.

Brock, Wright, Waters & Galey and Charles E. Galey, Lubbock, for appellees.

NORTHCUTT, Justice.

This is an adoption case. Richard Kent Camp and wife, Paula McClung Camp, brought this action seeking permission of the court to permit Richard Kent Camp to adopt David Malcolm Durham II and to have the child's name changed to Christopher Clayton Camp. Paula McClung Camp is the natural mother of said child. David Malcolm Durham is the natural father of said child. The natural father gave his written consent for the adoption as requested. All necessary and legal proceedings were had as to such adoption and change of the child's name, and on June 23, 1969, judgment of the court was entered granting the adoption and change of the child's name.

On July 2, 1969, June Miller McClung, maternal grandmother of such child, filed her motion for new trial and rehearing of such petition for adoption and on July 18, 1969, filed her amended motion for new trial. On July 25, 1969, Richard and Paula Camp filed their motion to strike such amended motion for new trial. On August 29, 1969, the court entered an order granting the motion to strike and ordered that the amended motion for new trial be stricken. From that order, June Miller McClung perfected this appeal. For convenience, June Miller McClung will hereafter be referred to as appellant and Richard and Paula Camp as appellees.

We think the sole issue here involved is whether the trial court erred in striking appellant's motion for new trial and whether appellant had any right to have a new trial. The trial court was not bound by the motion filed by appellant. The court may grant a new trial on its own motion and does not have to give any reason for granting a new trial. A trial court has control over its judgment until it becomes final by operation of law and during such time the court could on its own motion or motion of a party vacate, modify, correct and reform such judgment or grant a new trial. Harang v. Aetna Life Ins. Co., Tex. Civ.App., 400 S.W.2d 810 (n. r. e.); Brown v. American Finance Company, Tex.Civ. App., 432 S.W.2d 564; Spikes v. Smith, Tex.Civ.App., 386 S.W.2d 346.

The appellant was a total stranger to the original trial of adoption herein and did not have such right to be entitled to a new trial and none of her rights were involved in the adoption proceedings. Turner v. Goelz, Tex.Civ.App., 296 S.W.2d 596 (n. r. e.). A person trying to be made a party to a suit before trial can file application to that effect, but after trial the motion for new trial must come from the losing party. A third person who is not affected by judgment cannot attack it. Carlton v. Hoff, Tex.Civ.App., 292 S.W. 642; Estey & Camp v. Williams, 63 Tex. Civ.App. 323, 133 S.W. 470 (writ ref'd); Bynum v. Davis, Tex.Civ.App., 327 S.W. 2d 673. In the case of Craycroft v. Craycroft, Tex.Civ.App., 250 S.W.2d 458 at 460 (n. r. e.) it is stated:

"A person is not legally 'aggrieved' by an order of the probate court because his

sense of justice is seemingly outraged by the record complained of. To be an 'interested aggrieved' party, he must have a substantial grievance, personal to him as to the imposition of a legal injustice, obligation or burden, or denial of some equitable or legal right."

We have carefully reviewed this record and appellant's various assignments, and, finding no reversible error, the judgment of the trial court is affirmed.