Carl L. GAINES, Jr. and Rosalie Gaines, Appellants,

v.

Phillip Martin BALDWIN and Nancy Baldwin, Appellees.

No. 21008.

Court of Appeals of Texas, Dallas.

Dec. 1, 1981.

J. Stanley Knight, Dallas, for appellants.

Jerry S. Hughes, Dallas, for appellees.

Before ROBERTSON, WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

On September 11, 1979, Nancy Baldwin filed suit against appellee Phillip Baldwin seeking a divorce and custody of the couple's minor child, Gaines. Appellants are the maternal grandparents of Gaines and were not parties in the case. At the trial held on March 3 and 4, 1981, appellant Rosalie Gaines, Nancy's mother, testified on Nancy's behalf. Mrs. Gaines testified that although the child had lived with her and her husband for the past two years, Nancy was a good mother and it would be in the child's best interest to grant her custody of Gaines. Phillip presented testimony that he could best provide for the child and at the conclusion of the trial on March 4, the court granted the divorce and awarded Phillip custody of Gaines although no order was signed. On March 9 appellants filed a motion for introduction of new evidence or for new trial and on March 10 filed a motion for intervention. The trial court denied the motions on the ground that they were not timely filed. He permitted counsel for appellants to make a bill of exceptions, heard testimony of witnesses supporting the motions and, at the close of the testimony, again denied both motions. The judgment was then signed on April 27, 1981. We affirm.

In their first point of error, appellants contend that the trial court abused its discretion in denying their motion to intervene. We do not agree. Tex.R.Civ.P. 60 provides: "Any party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party..." It is well settled, however, that the intervention must be timely and, in order to be timely, the motion to intervene must be made before the judgment is rendered. *Comal County Rural High School District No. 705 v. Nelson*, 158 Tex. 564, 314 S.W.2d 956 (1958); *St. Paul Insurance Co. v. Rahn*, 586 S.W.2d 701 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Pinkard v. Willis*, 24 Tex.Civ.App. 69, 57 S.W. 891 (1900, writ ref'd). The pronouncement by the court from the bench on March 4 granting the divorce and awarding the father custody

of the child was a final adjudication and is effective as rendition of judgment in a divorce. *Dunn v. Dunn,* 439 S.W.2d 830 (Tex. 1969); *Louwien v. Dowell,* 534 S.W.2d 421 (Tex.Civ.App.—Dallas 1976, no writ). The judgment rendered on March 4 disposed of all issues between the parties to the suit. Even though the trial court had the power to vacate, modify, correct, or reform the judgment for thirty days under Tex.R. Civ.P. 329b(e), the judgment was final on the date it was rendered. *St. Paul Insurance Co. v. Rahn,* 586 S.W.2d at 702. Clearly, appellants' motion to intervene was not timely.

Appellants urge, however, that their lack of diligence in seeking to intervene does not bar their right to intervene. Citing *C____ v. C____,* 534 S.W.2d 359 (Tex.Civ.App.—Dallas 1976, no writ), they maintain that the ordinary procedural rules must bend in child custody cases in which the court has the duty to insure that the best interests of the child are considered. While we agree with and continue to adhere to the rule enunciated in *C____ v. C____,* we find that the present case is distinguishable from it.

In *C____ v. C____* the trial court awarded custody of the couple's two children to the father. In her motion for new trial, the mother presented affidavits showing the father had a violent temper, had screamed at and had struck the children. This evidence, although available at the time of the trial, had been presented to the jury; however, the trial court denied the mother's motion for new trial. On appeal this court held that the trial court abused its discretion in denying the motion for new trial. This court, speaking through Justice Akin, said:

[T]he court's duty to protect the children's interest should not be limited by technical rules. Pertinent facts which may directly affect the interests of the children should be heard and considered by the trial court regardless of the lack of diligence of the parties in their presentation of information to the court. On motion for new trial the court has discretion to grant the motion if it finds that the interests of the children have not been fully protected. We hold that in an extreme case, if the evidence is sufficiently strong, failure to grant the motion may be an abuse of discretion. *Id.* at 361. (Citations omitted).

■■ In the present case the evidence produced by appellants in support of their motions for intervention and for new trial does not have the strength of the evidence produced in *C____ v. C____.* The evidence produced by appellants consisted of detailed testimony regarding the amount of money spent by appellants in their care of Gaines for the two years in which he resided with them, the quality of the private school to which they sent Gaines, and generally a description of the care and supervision Gaines received under their guidance. Some of this testimony had been produced by them at the trial on the merits and some had not; however, no testimony showed considerations which would seriously affect the child's best interest that had been overlooked or omitted at trial. No abuse of discretion is shown unless the evidence presented in support of the motion, and not offered at the original trial, strongly shows that the original custody order would have a serious adverse effect on the interest and welfare of the child and that presentation of that evidence at another trial would probably change the result. *C____ v. C____,* 534 S.W.2d at 362. The evidence in the present case is not of that character. Appellant's first point of error is overruled.

■ Appellants next urge that the trial court abused its discretion in overruling their motion for new trial or introduction of new evidence. One not a party to a suit may not move for a new trial. In *McClung v. Camp,* 452 S.W.2d 727 (Tex.Civ.App.—Amarillo 1970, writ ref'd n. r. e.) the court stated: "A person trying to be made a party to a suit before trial can file application to that effect, but after trial the motion for new trial must come from the losing party. A third person who is not affected by the judgment cannot attack it." *Id.* at 728. Appellant's second point of error is overruled.

Affirmed.