**SOUTHERN COUNTY MUTUAL INSURANCE COMPANY and Jim Kelly, Relators,**

v.

**The Honorable William R. POWELL, Respondent, Jelks & Sons Sand Company, Nathaniel Jelks, Jr., and Loretta Ann Lee, Individually, and as Natural Guardian of Melissa Lee, a minor, Real Parties in Interest.**

No. C14–87–096–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 11, 1987.

David E. Warden, James H. Miller, Ronald G. Woods, Henry P. Giessel, Houston, for relators.

Larry Doherty, Kelly Williams, Houston, for real parties in interest.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Relators ask this court to issue a writ of mandamus ordering a district court judge to vacate a default judgment because the judgment was allegedly entered at the time an automatic bankruptcy stay was in force. We decline to issue the writ. The trial court did not abuse its discretion in refusing to consider Relators' Amended Motion to Set Aside Judgment and for New Trial when Relators were not parties to the suit and the motion was brought more than two years after the judgment had been signed. It also appears that issuance of a writ is not necessary to protect the rights of Relators because other adequate judicial remedies are available to them.

The controversy arises out of a November 1980 fatal traffic accident involving George Lee and Nathaniel Jelks, Jr., who was driving Jelks & Sons Sand Company dump truck. Lee's widow filed a wrongful death action (No. 81–20504) in April 1981 and was granted an interlocutory default judgment against Nathaniel Jelks, Jr., and Jelks & Sons Sand Company in June 1982. In August 1982 Nathaniel Jelks, Pamela Jelks, Nathaniel Jelks, Jr., Clark Edward Jelks, and Stephanie Jelks, Individually and d/b/a Jelks & Sons Sand and Gravel, filed a Chapter 11 debtor's petition (for reorganization).[1] The Lees were not listed as creditors in the schedules filed with the bankruptcy petition.[2]

In March 1984, apparently while the Chapter 11 bankruptcy proceeding was still pending,[3] the Honorable Weldon Berry, who was Judge of the 80th District Court, heard testimony regarding damages in No. 81–20504, and on April 5, 1984, signed a default judgment against Nathaniel Jelks, Jr., and Jelks & Sons Sand Company for $1,813,400. It is this judgment (and the March 1984 evidentiary hearing on damages) that Relators want vacated.

Relators are concerned about the validity of the default judgment and damages hearing because they are defendants in another suit (No. 85–34923) filed in June 1986 in the 269th District Court of Harris County by Nathaniel Jelks, Sr., and Nathaniel Jelks, Jr., individually and d/b/a Jelks & Sons Sand Company, a partnership. The Jelks allege that at the time of the 1980 accident they were insured with a liability insurance policy issued by Southern County Mutual Insurance Company and that Jim Kelly acted as claims manager. They accuse Relators of wrongfully refusing to defend them against the Lee suit and allege acts of fraud, deceit, misrepresentation, negligence, gross negligence and violations of the Texas Deceptive Trade Practices Act.

1. The copies of the bankruptcy petition provided by Relator to this court as exhibits to their petition for writ of mandamus show that the names of Nathaniel Jelks, Jr., Clark Edward Jelks, and Stephanie Jelks were stricken through on the first page of the petition and at several other places in the various schedules filed in conjunction with the petition. Since both parties in briefs have stated that Nathaniel Jelks, Jr., filed a bankruptcy petition, we will assume so in our discussion. We also note that the Jelks state in their bankruptcy petition that they do business as Jelks & Sons Sand and Gravel. The judgment is against Nathaniel Jelks, Jr., and Jelks & Sons Sand Company.

2. The parties do not discuss and we do not consider whether the stay was applicable to the Lees when they were not listed as creditors.

3. On March 5, 1985, Nathaniel Jelks and Pamela Jelks, d/b/a Jelks & Sons Sand and Gravel, filed

Chapter 7 bankruptcy petition (for liquidation) in which it was stated that the earlier Chapter 11 bankruptcy action had been dismissed previously for failure to submit a reorganization plan. However, the parties state that the Chapter 11 bankruptcy action was not dismissed until October 29, 1986, upon a motion filed by the Lees October 20, 1986. Earlier, on September 25, 1986, the bankruptcy court granted the Lees relief from the automatic stay. The order granting relief recites that notice of the motion was served on Nathaniel Jelks, Jr., and Jelks & Sons Sand and Gravel, as named Respondents to the motion, and that those respondents made no appearance to contest the motion. That leaves three possible dates on which the stay as to the judgment debtors was lifted: (1) an undetermined date sometime before March 5, 1985, (2) September 25, 1986, or (3) October 29, 1986.

Relators took two actions in the 80th District Court in an attempt to get the judgment in favor of the Lees set aside. First they filed a Petition for Equitable Bill of Review (No. 86–25382), naming Nathaniel Jelks, Jr., and Jelks & Sons Sand Company as involuntary plaintiffs. Then Relators filed an Amended Motion to Set Aside Judgment and for New Trial captioned with the style of the Bill of Review suit (No. 86–25382) *and* the original suit (No. 81–20504). The Lees filed a motion for summary judgment in the Bill of Review. In a single order under both cause numbers the Honorable William Powell, Judge of the 80th District Court, denied the Lees' motion for Summary Judgment in the Bill of Review and found that the court had no jurisdiction to enter any order in Cause No. 81–20504. The order is silent as to Relators' motion in the Bill of Review. The Bill of Review is still pending.

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by law. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639 (Tex.1986); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Relators argue that the trial court was under a duty to grant their motion once advised of the fact that the evidentiary hearing was conducted and the default judgment was signed while the judgment debtors were in bankruptcy.

■■■ We agree with Relators that the stay created by 11 U.S.C. § 362(a)(1) is an automatic stay. Unless the bankruptcy court annuls, lifts or otherwise takes some action to recognize the invalidity of a stay order, actions taken in violation of the stay are void and without legal effect. *Goswami v. Metropolitan Savings & Loan Association*, 30 Tex.Sup.Ct.J. 186, 187 (Jan. 28, 1987) (per curiam opinion on application for writ of error); *Wallen v. State*, 667 S.W.2d 621, 623 (Tex.App.—Austin 1984, no

writ). This court has stated that the effect of a bankruptcy stay is to deprive a state court of jurisdiction over the debtor and his property, and state court actions taken between the time the bankruptcy petition is filed and the time the stay is lifted or modified are without jurisdiction and void. *Community Investors IX, Ltd., v. Phillips Plastering Co.*, 593 S.W.2d 418, 420 (Tex. Civ.App.—Houston [14th Dist.] 1980, no writ).

■■■ However, the conclusion that the default judgment is void depends upon accepting as true Relators' assertions that the bankruptcy was pending and that the stay included Nathaniel Jelks, Jr., and Jelks and Sons Sand Company. When Relators brought forward these assertions in the original action (No. 81–20504) by way of an Amended Motion to Set Aside Judgment and for New Trial, the court was faced with an unverified request brought by strangers to the suit to vacate the judgment more than two years after the court's plenary jurisdiction had ended. The trial court had lost its power to alter, change or even uphold its judgment. *The Times Herald Printing Co. v. Jones*, 730 S.W.2d 648 (Tex.1987) (per curiam opinion). The trial court was correct in stating that it had no jurisdiction to consider the motion. *Id.* Also, only parties have standing to file a motion for new trial. *Gaines v. Baldwin*, 629 S.W.2d 81, 83 (Tex.App.—Dallas 1981, no writ); *McClung v. Camp*, 452 S.W.2d 727, 728 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e.). Relators were never parties to cause number 81–20504. Relators cite several cases in which language is found to the effect that a trial court has the power and the duty to vacate a void judgment even after the court's plenary jurisdiction has expired. In all but one of the cases cited, it was a *party* to the action who sought to have the void judgment vacated.[4] In each instance in which the appellate court held that the judgment should have

---

4. *Bridgman v. Moore*, 143 Tex. 250, 183 S.W.2d 705 (1944); *Stock v. Stock*, 702 S.W.2d 713 (Tex. App.—San Antonio 1985, no writ); *Consolidated Underwriters v. McCauley*, 320 S.W.2d 60 (Tex. Civ.App.—Beaumont 1959, writ ref'd n.r.e.); *Ingram v. Ingram*, 249 S.W.2d 86 (Tex.Civ.App.—

Galveston 1952, no writ); *cf. Wichita Falls, R. & Ft. W. Railway Co. v. Combs*, 115 Tex. 405, 283 S.W. 135 (1926) (surety on cost bond moved to have supreme court's judgment corrected because it made the surety liable for entire amount of judgment).

been vacated the reason the judgment was void was apparent from the record.[5] Relators' authorities are not on point. Judge Powell had no duty to vacate the judgment at Relators' motion in cause No. 81–20504.

Now we consider the motion as brought in the Bill of Review proceeding. If the court had granted the motion, its ruling would have amounted to a summary judgment in favor of Relators without observance of the procedures of Rule 166–A and without any properly presented evidence to establish Relators' standing to bring a bill of review or the equities in their favor. Tex.R.Civ.P. 166–A. It was not an abuse of discretion to refuse to grant Relators' motion in the Bill of Review proceeding.

Furthermore, Relators have not demonstrated that the extraordinary remedy of mandamus is necessary to protect their rights. They may continue their direct attack against the judgment in their bill of review,[6] or they may urge as a defense in the Jelks' suit against them that the Jelks have not suffered pecuniary damages because the judgment against them is unenforceable.

We recognize that the bankruptcy stay is not apparent on the face of the record in No. 81–20504. Ordinarily, one cannot collaterally attack a judgment unless it is apparent from the record in the case in which the judgment was rendered that the judgment is void. *White v. White,* 142 Tex. 499, 179 S.W.2d 503, 506 (1944). However, some void judgments can be attacked collaterally with evidence outside the record to establish facts that show the reason the court had no jurisdiction over the subject matter involved in the judgment. *See Templeton v. Ferguson,* 89 Tex. 47, 33 S.W. 329, 332 (1895). The most analogous example is the case of *Easterline v. Bean,* 121 Tex. 327, 49 S.W.2d 427 (1932). In *Easterline* a probate court originally had subject matter jurisdiction over the estate of an incompetent ward. The court approved a sale of the ward's property. Later, in a trespass to try title suit, the heirs of the ward attempted to collaterally attack the probate court's confirmation of the order of sale on the ground that the ward died before the confirmation. Under an explicit statutory provision, the probate court lost jurisdiction over a ward's estate at his death, except that it had power to immediately settle the estate and discharge the guardian. The trial court in the trespass to try title suit would not allow the heirs to present evidence showing the date of death. The supreme court reversed and held that the heirs were entitled to present their evidence because if the date of death preceded court confirmation of the order of sale then the court had no power to confirm the sale and the order was void. 49 S.W.2d at 431.

Similarly, parties have successfully collaterally attacked a court's order allowing sale of or an equitable lien upon homestead property by presenting evidence outside the record to show the homestead character of the property at the time of the court's order. *See Cline v. Niblo,* 117 Tex. 474, 8 S.W.2d 633 (1928); *Curtis Sharp Custom Homes, Inc. v. Glover,* 701 S.W.2d 24, 26 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

If Relators are correct in arguing that the judgment in No. 81–20504 is void for lack of subject matter jurisdiction because the bankruptcy law stayed the power of the trial court to act until the automatic stay was lifted, then we feel that this is the kind of void judgment that should be subject to collateral attack. Those urging that the judgment is void should be allowed in a collateral proceeding to prove when, for

---

5. *Stock,* 702 S.W.2d at 716 (nunc pro tunc judgment held void when entered to correct judicial error after plenary jurisdiction had ended); *Consolidated Underwriters,* 320 S.W.2d at 64 (judgment entered at time when cause had been removed to federal district court); *Ingram,* 249 S.W.2d at 88 (divorce judgment entered prematurely because petition had not been on file for the required 30–day period); *cf. Bridgman,* 183 S.W.2d at 708 (that the judgment was signed by judge at his private residence did not render judgment void).

6. We do not intend by this statement to rule on the question of whether Relators have established standing to bring the Bill of Review. That question is not before us.

how long, and against whom the stay was effective.

We decline to issue a Writ of Mandamus.