[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By complaint filed August 30, 1994, the plaintiff, Frank X. LoSacco, instituted the within action against a number of named defendants. On February 27, 1995, the matter was removed to the United States District Court for the District of Connecticut. Thereafter, on April 10, 1995, the Honorable Robert N. Chatigny of the United States District Court granted the plaintiff's motion to dismiss the action. Specifically, the court entered the following order: CT Page 7120
 Granted absent objection. The complaint is hereby dismissed without prejudice. So ordered.
Nowhere in the court's order does it indicate that the matter was being remanded from the federal court back to this court.
Section 1446 of Title 28 of the United States Code, which sets forth the procedure for removing a case from state court to federal court, specifically provides that:
 Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.
28 U.S.C. § 1446(d). This language, moreover, has consistently been construed, by both federal and state courts, to require that a remand of the matter by the federal court actually occur before the state court may properly proceed. See, e.g., Lowe v. Jacobs,243 F.2d 432, 433 (5th Cir. 1957), cert. denied, 355 U.S. 842,78 S.Ct. 65, 2 L.Ed.2d 52 (1957) (where there has been compliance with the removal statute, the state court loses all jurisdiction until there has been a remand); Fischman v. Fischman, 470 F. Sup. 980,984 (E.D. Pa. 1979) (following the removal of an action from state court to federal court, exclusive jurisdiction of the action is vested in the federal court); Dorsey v. State, 357 N.E.2d 280,282-83 (Ind.App. 1976) (state court does not resume jurisdiction over an action that has been removed to federal court until action is remanded); McCauley v. Consolidated Underwriters, 301 S.W.2d 181,185 (Tex.Civ.App. 1957), rev'd on other grounds, 304 S.W.2d 265
(Tex. 1957) (any action taken in the state court, after removal of the matter to federal court and prior to remand, is void).
Accordingly, the court concludes that it is presently without jurisdiction over the above-captioned case, and declines to rule on any matter associated with it "unless and until the case is remanded."
BY THE COURT, STANLEY, J. CT Page 7121