State & Cty. Mut. v. Judge Kelly 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00302-CV







State and County Mutual Fire Insurance Company, Relator




v.




Honorable Oliver Kelly, Respondent







ORIGINAL PROCEEDING FROM BELL COUNTY








 Relator, State and County Mutual Fire Insurance Company, plaintiff in the
underlying suit, sued its insured, Craig Knickerbocker, for a declaration of no coverage on an
auto liability policy. After Knickerbocker failed to answer and a default judgment was taken, real
party in interest Cherie Peck filed, on the last day of the trial court's plenary power, a motion to
intervene and a motion for new trial. The court subsequently granted both motions. By this
mandamus proceeding, State and County Mutual requests this Court to direct respondent, district
judge Oliver Kelly, to withdraw his orders granting Peck's motion to intervene and motion for
new trial. We granted leave to file State and County Mutual's petition for writ of mandamus. 
Because we conclude that the orders granting the motions are void, we will conditionally grant
the writ.



FACTUAL AND PROCEDURAL BACKGROUND


 State and County Mutual issued Knickerbocker a month-to-month auto liability
policy ("the month-to-month policy") for coverage from March 14, 1992 to April 14, 1992. The
coverage was conditioned upon payment of a premium of $106.00 before the effective date of the
policy. Knickerbocker paid only $86.00. Based on the reduced premium payment, the policy was
short-rated to terminate on April 8, 1992. On March 23, State and County Mutual mailed
Knickerbocker a renewal premium notice informing him that his policy would expire and coverage
would terminate on April 8 unless he paid a premium of $106.00 on or before that date for an
additional month's coverage. The renewal premium notice stated that no grace period existed. 
Knickerbocker failed to make the requested payment, and the policy expired on April 8, 1992.

 On April 10, 1992, Knickerbocker was involved in an auto accident while driving
a car owned by his girlfriend and insured by State Farm Insurance Company. Peck's husband,
Steven, was killed in the accident. Peck subsequently brought a wrongful death suit against
Knickerbocker, among others. State and County Mutual asserted that no coverage existed.

 In November 1994, in response to Peck's demand for the insurance proceeds under
the month-to-month policy, State and County Mutual filed a separate declaratory judgment action
against Knickerbocker seeking a declaration that on April 10, 1992 no coverage existed under the
month-to-month policy. State and County Mutual did not notify the parties in the Peck lawsuit
of the filing of the declaratory judgment action. Service was obtained on Knickerbocker at the
Gurney Unit, Texas Department of Corrections, in Anderson County. The attorney retained by
State Farm to represent Knickerbocker in the Peck lawsuit notified Knickerbocker that his
representation did not extend to State and County Mutual's declaratory judgment action and that
Knickerbocker would have to retain other counsel for that suit. Knickerbocker never filed an
answer, and a default judgment was rendered against him on January 25, 1995.

 On February 24, 1995, the last day of the trial court's plenary power over State and
County Mutual's declaratory judgment suit, Peck moved to intervene. (1) She also filed on her
behalf a motion for new trial asserting that she should have been joined because she is a necessary
party by virtue of her claim to the insurance proceeds. See Tex. R. Civ. P. 39. Knickerbocker
never filed a motion for new trial. On February 27, 1995, Judge Kelly, without holding a
hearing, signed an order granting the intervention. Judge Kelly orally granted the motion for new
trial at a hearing held on March 10, 1995, but did not sign a written order to that effect until May
1. State and County Mutual then brought this original proceeding to compel Judge Kelly to vacate
his orders granting the motion to intervene and the motion for new trial.



DISCUSSION


 Mandamus is an extraordinary remedy that is available only in limited
circumstances. Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994); Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). A writ of mandamus will issue to correct a clear
abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy
at law. Canadian Helicopters, 876 S.W.2d at 305; Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985); State ex rel. State Highway & Pub. Transp. Comm'n v. Schless,
815 S.W.2d 373, 375 (Tex. App.Austin 1991, orig. proceeding). Thus, a writ of mandamus
will issue to correct an order of the trial court that the court had no power to render and which
was, therefore, void. See Faulkner v. Culver, 851 S.W.2d 187, 188 (Tex. 1993); State v. Sewell,
487 S.W.2d 716, 718 (Tex. 1972); Mackey v. Vick, 771 S.W.2d 738, 739 (Tex. App.Fort Worth
1989, orig. proceeding).

 Relator has the burden of showing an abuse of discretion as well as the inadequacy
of a remedy by appeal. Canadian Helicopters, 876 S.W.2d at 305. "A relator who attacks the
ruling of a trial court must establish that, under the circumstances of the case, the facts and the
law permit the trial court to make but one decision." Johnson, 700 S.W.2d at 917.

 State and County Mutual asserts that both orders in the present case are void
because they were granted after the trial court's plenary power had expired. It also argues that
granting the motion for intervention was an abuse of discretion. The judgment was signed on
January 25, 1995. Without a proper motion for new trial or to modify, correct, or reform the
judgment, the trial court's plenary power expired on February 24, 1995, and any orders entered
after that date would be void. See Tex. R. Civ. P. 329b. Peck filed her motion to intervene and
her motion for new trial on February 24, 1995. The orders granting those motions were not
signed until after that date. Thus, the issue squarely before this Court is whether Peck's motion
for new trial extended the trial court's plenary power. See Tex. R. Civ. P. 329b (d).

 As a general rule, one not a party to a suit may not move for a new trial. Southern
County Mut. Ins. Co. v. Powell, 736 S.W.2d 745, 748 (Tex. App.Houston [14th Dist.] 1987,
orig. proceeding); Gaines v. Baldwin, 629 S.W.2d 81, 83 (Tex. App.Dallas 1981, no writ). The
purpose of the rule is to prevent third parties whose interests and rights are not affected by the
judgment from attacking its validity. McClung v. Camp, 452 S.W.2d 727, 728 (Tex. Civ.
App.Amarillo 1970, writ ref'd n.r.e.). Accordingly, in order for Peck's motion for new trial
to have been effective, and thus to have extended the trial court's plenary power, her motion to
intervene must have made her a party on the day it was filed.

 A motion to intervene must generally be made before judgment is rendered. 
Citizens State Bank v. Caney Inv., 746 S.W.2d 477, 478 (Tex. 1988); First Alief Bank v. White,
682 S.W.2d 251, 252 (Tex. 1984); Comal County Rural High Sch. Dist. v. Nelson, 314 S.W.2d
956, 957 (Tex. 1958); Texans United Educ. Fund v. Texaco, Inc., 858 S.W.2d 38, 40-41 (Tex.
App.Houston [14th Dist.] 1993, writ denied); St. Paul Ins. Co. v. Rahn, 586 S.W.2d 701, 703
(Tex. Civ. App.Corpus Christi 1979, no writ). After judgment, a plea in intervention or motion
to intervene cannot be considered until after the judgment is set aside. First Alief Bank, 682
S.W.2d at 252; Comal County, 314 S.W.2d at 957; Central Mut. Ins. Co. v. Dunker, 799 S.W.2d
334, 336 (Tex. App.Houston [14th Dist.] 1990, writ denied); Highlands Ins. Co. v.
Lumberman's Mut. Cas. Co., 794 S.W.2d 600, 603-04 (Tex. App.Austin 1990, no writ). In the
present case, the judgment was not set aside until much later.

 During the time it retains plenary power, a trial court may grant a new trial even
on its own motion. Tex. R. Civ. P. 320. Thus, an interested person asserting that it was a
necessary party to the suit arguably may file a "motion for new trial" in order to make the court
aware that in the interest of justice the original judgment should be set aside and a new trial
granted to allow the proposed intervenor to protect his or her asserted rights. We conclude,
however, that only a motion for new trial filed by a party of record automatically extends the trial
court's plenary power. See Tex. R. Civ. P. 329b. A "motion for new trial" filed by a nonparty
is simply an unofficial plea to the trial court to exercise its discretion allowed under Rule 320 to
set aside the judgment during the court's plenary power. Thus, Peck's motion in the present case
was ineffective to extend the trial court's plenary power. Because the order granting the motion
for new trial and the order granting the motion for intervention were rendered and signed after
the court's plenary power had expired, they are void.



CONCLUSION


 Because the orders granting Peck's motions for intervention and for new trial are
void, we conditionally grant the writ of mandamus requiring respondent to vacate those orders. 
The writ will issue only if the court does not act in accordance with this opinion.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Writ of Mandamus Conditionally Granted

Filed: January 31, 1996

Publish
1.   Peck filed what she styled a "motion for leave to file third party petition." A third
party petition is filed by a defending party in a pending suit seeking to join a person not
then a party to the lawsuit. Tex. R. Civ. P. 38. An intervention, however, is an
equitable motion filed by a nonparty voluntarily seeking to become a party in a suit to
protect his own rights. Highlands Ins. Co. v. Lumberman's Mut. Cas. Co., 794 S.W.2d 600,
601 (Tex. App.Austin 1990, no writ); see Tex. R. Civ. P. 60. Although Peck's motion is
improperly named, we will treat it as a motion to intervene. Tex. R. Civ. P. 71.



 Peck's motion
for new trial extended the trial court's plenary power. See Tex. R. Civ. P. 329b (d).

 As a general rule, one not a party to a suit may not move for a new trial. Southern
County Mut. Ins. Co. v. Powell, 736 S.W.2d 745, 748 (Tex. App.Houston [14th Dist.] 1987,
orig. proceeding); Gaines v. Baldwin, 629 S.W.2d 81, 83 (Tex. App.Dallas 1981, no writ). The
purpose of the rule is to prevent third parties whose interests and rights are not affected by the
judgment from attacking its validity. McClung v. Camp, 452 S.W.2d 727, 728 (Tex. Civ.
App.Amarillo 1970, writ ref'd n.r.e.). Accordingly, in order for Peck's motion for new trial
to have been effective, and thus to have extended the trial court's plenary power, her motion to
intervene must have made her a party on the day it was filed.

 A motion to intervene must generally be made before judgment is rendered. 
Citizens State Bank v. Caney Inv., 746 S.W.2d 477, 478 (Tex. 1988); First Alief Bank v. White,
682 S.W.2d 251, 252 (Tex. 1984); Comal County Rural High Sch. Dist. v. Nelson, 314 S.W.2d
956, 957 (Tex. 1958); Texans United Educ. Fund v. Texaco, Inc., 858 S.W.2d 38, 40-41 (Tex.
App.Houston [14th Dist.] 1993, writ denied); St. Paul Ins. Co. v. Rahn, 586 S.W.2d 701, 703
(Tex. Civ. App.Corpus Christi 1979, no writ). After judgment, a plea in intervention or motion
to intervene cannot be considered until after the judgment is set aside. First Alief Bank