**HIGHLANDS INSURANCE COMPANY, et al., Appellants,**

**v.**

**LUMBERMEN'S MUTUAL CASUALTY COMPANY, Appellee.**

**No. 3–89–132–CV.**

Court of Appeals of Texas, Austin.

August 8, 1990.

---

Sarah C. Loud, Austin, for appellants.

Trey Gillespie, Austin, for appellee.

## ON MOTION FOR REHEARING

Before POWERS, GAMMAGE and JONES, JJ.

POWERS, Justice.

Highlands Insurance Company appeals from a summary judgment in favor of Lumbermen's Mutual Casualty Company in a suit where Salvador E. Sambrano sued Lumbermen's and Highlands Underwriters Insurance Company in a worker's compensation suit. Tex.Rev.Civ.Stat.Ann. art. 8306 *et seq.* (1967 & Supp.1990); Tex.R.Civ. P.Ann. 166–A (1976). We withdraw our earlier opinion and judgment and substitute the following, ordering the appeal dismissed for want of jurisdiction.

### THE CONTROVERSY

We shall, for convenience, refer to the appellant, Highlands Insurance Company, as "Highlands," and to Highlands Underwriters Insurance Company as "Underwriters."

Sambrano sued Underwriters and Lumbermen's on a theory that each was liable for his injuries as an insurer under the worker's compensation law. Each answered in the cause. Lumbermen's moved for summary judgment on the ground that it "did not have worker's compensation insurance in full force and effect on or about" the date of Sambrano's injuries; and, in consequence, it was "not a proper party to this lawsuit." The trial court sustained Lumbermen's motion and severed Sambrano's action against Underwriters from his action against Lumbermen's.

Underwriters filed a timely motion for new trial, contending the trial court erred in its determination that Lumbermen's policy was not in force on the day of the injury, and in ordering the severance. The motion was set for hearing on the afternoon of April 6, 1989. In the morning of that day, Highlands filed a plea of intervention. After hearing, the trial court, in an order signed April 6, 1989, overruled Underwriters' motion for new trial. No ruling appears in the record relative to Highlands' plea of intervention.

Highlands appealed to this Court as a party to the suit below, assigning various errors in the judgment given in the trial court. Concluding these assignments were well-taken, we originally reversed that judgment. We also overruled Lumbermen's motion to dismiss Highlands' appeal, a motion founded on the theory that Highlands' post-judgment intervention came too late to make Highlands a "party" entitled to appeal from the trial-court judgment.

Concerning Lumbermen's motion to dismiss the appeal, we reasoned: (1) Highlands possessed an equitable right to intervene, subject to being stricken, so long as the trial court retained jurisdiction, that is to say, until such time as its judgment became "final" for purposes of direct attack by appeal; and (2) Lumbermen's waived any right to complain of the intervention by failing to move that it be stricken. *See* Tex.R.Civ.P.Ann. 329b (Supp. 1990). On Lumbermen's motion for rehearing, however, we have concluded that Highlands' post-judgment plea of intervention will not support an appeal for the reasons given below.

### DISCUSSION AND HOLDING

The right of intervention is an equitable right. It does not depend upon a rule or statute for its existence. The right permits one to intervene voluntarily in the litigation of others, to protect his own rights, so long as his intervention does not delay the case or otherwise prejudice the existing litigants. *Eccles v. Hill,* 13 Tex. 65 (1854). Because the right exists as a part of our State's equity jurisprudence, Tex.R.Civ.P. Ann. 60 (Supp.1990) merely recognizes the right in declaring that "[a]ny party may

intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party...." A former statute provided basically the same. Neither the rule nor the former statute specified any time limit within which a plea of intervention must be filed. That is consistent, of course, with the equitable nature of the right and the reference in Rule 60 to "sufficient cause" as the only basis for striking the plea.

In the present context, the right of intervention must fit into the more general provisions of Rule 329b because Highlands' plea of intervention was filed after a judgment was signed, and the rule governs generally any trial-court proceedings in that stage. Formerly, Rule 329b established a 30–day period, after "rendition," within which the trial court would have jurisdiction to set aside its judgment and grant a new trial. It might do so by reason of its inherent power in that respect, *Nevitt v. Wilson,* 116 Tex. 29, 285 S.W. 1079, 1083 (1926), or it might do so on a motion filed by a litigant within 10 days of the "rendition" (and later the "signing") of the judgment.

Several reported decisions consider pleas of intervention filed during the trial court's period of post-judgment jurisdiction.[1] We shall summarize them briefly.

In *Wilkerson v. Davis,* 264 S.W. 545 (Tex.Civ.App.1924, writ dism'd), the court held the equitable theory of *laches* precluded intervention where the intervenor's attorneys knew the necessary facts and were aware of the pendency of the litigation for some time before filing the plea. In *Mast v. Shipp,* 123 S.W.2d 980 (Tex.Civ.App. 1939, writ dism'd jdgmt cor.), the court held without elaboration that the plea of intervention was filed "too late." In *Allen v. Creighton,* 131 S.W.2d 47 (Tex.Civ.App. 1939, writ ref'd), the court adopted the view that intervention was properly denied where the intervenor claimed on the basis of an interest assigned to him after the judgment that adjudicated title to that very interest. None of these decisions imply anything other than *equitable* considerations in denying a plea of intervention filed after judgment but while the trial court retains jurisdiction to set aside its judgment and grant a new trial.

In 1958, however, the Supreme Court of Texas decided *Comal County Rural High School Dist. v. Nelson,* 158 Tex. 564, 314 S.W.2d 956 (1958). Without explanation or reference to any judicial decisions, the Court held simply that intervention after judgment, but before expiration of the trial court's jurisdiction, was barred *as a matter of law* unless and until the trial court first set aside its judgment as between the original litigants and granted a new trial. That was the sole power given a trial court in Rule 329b, and the Supreme Court gave that rule as the sole basis for its holding.[2]

---

**1.** One should distinguish two categories of intervention that are not directly applicable in the present case. The first consists of those decisions dealing with pleas of intervention filed after judgment had become "final" in the trial court in the sense that the court has lost *jurisdiction* or the power to set aside or modify its judgment except by bill of review. *See, e.g., Citizens State Bank v. Caney Investments,* 746 S.W.2d 477 (Tex.1988); *Times Herald Printing Co. v. Jones,* 730 S.W.2d 648 (Tex.1987); *First Alief Bank v. White,* 682 S.W.2d 251 (Tex.1984); *Mallou v. Payne & Vendig,* 750 S.W.2d 251 (Tex. App.1988, writ denied); *Southern County Mutual Ins. Co. v. Powell,* 736 S.W.2d 745 (Tex.App. 1987, no writ); *Smith v. Ticor Title Ins. Co.,* 692 S.W.2d 531 (Tex.App.1985, no writ).

The second category consists of those decisions dealing with pleas of intervention filed at a stage in the suit before the trial-court judgment had become "final" in the sense of disposing of all issues and parties in an instrument signed by the judge. *See, e.g., Eccles v. Hill,* 13 Tex. 65 (Tex.1854); *Schnick v. Morris,* 24 S.W.2d 491 (Tex.Civ.App.1929, writ ref'd); *Litoff v. Jackson,* 742 S.W.2d 788 (Tex.App.1987, no writ); *Armstrong v. Tidelands Life Ins. Co.,* 466 S.W.2d 407 (Tex.Civ.App.1971, no writ); *Lamb v. Bonds & Dillard Drilling Corp.,* 107 S.W.2d 500 (Tex.Civ. App.1935, no writ).

The present controversy involves *post*-judgment pleas of intervention filed before expiration of the trial-court's jurisdiction over its judgment, as discussed in the text.

For decisions in other jurisdictions, involving pleas of intervention filed in all three stages in the trial-court proceedings, *see* Annotation, *Time for Intervention,* 37 A.L.R.2d 1306 (1954) and 67A C.J.S. *Parties* § 79 (1978).

**2.** In *Comal County,* several individuals sued a school district challenging its existence as a legal entity. The district interposed a plea in abatement and special exceptions, both seeking

Not surprisingly, almost all the judicial decisions following *Comal County* apply its holding expressly as an iron-clad rule of law under which equitable considerations are simply irrelevant, as are the reasons of judicial economy that also support the intervention doctrine, in cases of interventions attempted during the 30–day period in question. *See Helton v. Kimbell,* 621 S.W.2d 675 (Tex.Civ.App.1981, no writ); *St. Paul Ins. Co. v. Rahn,* 586 S.W.2d 701 (Tex.Civ.App.1979, no writ); *McLennan County v. American Nat'l Ins. Co.,* 457 S.W.2d 597 (Tex.Civ.App.1970, writ ref'd n.r.e.); *Campbell v. Jefferson,* 453 S.W.2d 336 (Tex.Civ.App.1970, writ dism'd); *Baronofsky v. Baronofsky,* 404 S.W.2d 683 (Tex.Civ.App.1966, writ dism'd). In *Gaines v. Baldwin,* 629 S.W.2d 81 (Tex.Civ.App. 1981, no writ), the court held, without citing *Comal County,* that intervention was not "timely" after judgment was "rendered," and the court's oral pronouncement from the bench was effective as a rendition. Impliedly, *Gaines* applied the holding in *Comal County.*

All the foregoing decisions determine the intervention issue under Rule 329b as it existed before its revision in 1981. In the single decision that refers to the revised rule, the majority applied the rule of *Comal County* to preclude intervention while the dissenting justice would have permitted the intervention on equitable considerations: that the intervenors could not have anticipated that the judgment, given as between the original litigants, would affect them, and they acted without delay once such a judgment was handed down by the

trial court. *Express–News Corp. v. Spears,* 766 S.W.2d 885 (Tex.App.1989, no writ).

In our initial consideration in the present appeal, we concluded that the 1981 revision of Rule 329b necessarily altered the holding in *Comal County.* The new version of the rule gave the trial court an express "plenary power" over its judgments, permitting it to grant a new trial *or* to "vacate, modify, correct, or reform" its judgment within 30 days of its signing. Rule 329b(e). We reasoned that this plenary power, and the absence of any time limit in Rule 60 for the filing of pleas of intervention, permitted the filing of a plea of intervention during the entire post-judgment period that ended only with the court's loss of jurisdiction under the Rule, subject to being stricken on equitable grounds of course. Our reasoning was supported by a respected author who declared that after the amendment of Rule 329b, the *only* limit on the trial court's post-judgment power was "jurisdictional," 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 18.03, at 266 (rev.1984); and where "intervention comes during the 30–day period during which the trial court has control over its judgment, it may be allowed, but if after that period it cannot be allowed." 1 R. McDonald, *supra,* § 3.48, at 317 n. 4. We have now concluded, however, that the Supreme Court is committed to the proposition that the legal barrier to intervention, announced for the first time in *Comal County,* survives unimpaired after the 1981 amendment of Rule 329b.

dismissal of the plaintiffs' suit on the grounds that the State of Texas was not a party. Sustaining the plea in abatement and special exceptions, the trial court dismissed the suit.

The plaintiffs failed to file a motion for new trial within the 10 days allowed by Rule 329b. In consequence, they lost their right of appeal. On the last day of the trial court's jurisdiction under Rule 329b, the 30th day from "rendition" of the judgment, the State filed a motion seeking leave to intervene. On that day, the trial court retained its inherent power to set aside the judgment and grant a new trial. Conceivably, the court might have done so even in the absence of a motion for new trial by the original plaintiffs. The court did not do so.

In its opinion, the Supreme Court held that Rule 60, recognizing the right of intervention, was "inapplicable" in the circumstances because "[n]o plea of intervention could be filed in the cause until and unless the district judge set aside his order of dismissal and this he refused to do." 314 S.W.2d at 957. This sentence apparently means that the trial court was powerless to grant the requested leave until the court first set aside its dismissal and ordered a new trial as between the original litigants. The holding of *Comal County* was not, as indicated in the text of our opinion, limited to dismissals but included any "judgment" of the trial court.

We reach our conclusion solely on the basis of the Supreme Court's opinion in *First Alief Bank v. White,* 682 S.W.2d 251 (Tex.1984). *Comal County* was not applicable in the case because the plea of intervention in *First Alief* was filed *after* the trial court lost even its "plenary power," the plea having been filed some 24 days after the trial court lost its jurisdiction. *First Alief,* 682 S.W.2d at 251. After noting that the trial court had thus lost its jurisdiction, the Supreme Court supplied in *obiter dictum* the following additional, if superfluous, reason for its holding:

> Furthermore, a plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside. *Comal County Rural High School District No. 705 v. Nelson,* 158 Tex. 564, 314 S.W.2d 956 (1958).

*Id.* at 252. While the statement is unquestionably *obiter dictum,* it represents nevertheless the Supreme Court's construction of *Comal County* and Tex.R.Civ.P. 60, even after the 1981 revision of Rule 329b. We believe this construction forecloses any equitable considerations and the reasons of judicial economy that lie behind intervention. And so far as we are able to find, the Supreme Court has never rationalized the *Comal County* holding in terms of those considerations. Nevertheless, we believe we are not free to depart from the *Comal County* holding in light of the statement quoted above, which incorporates the rule of that decision in the new Rule 329b.

Because the trial court never set aside its summary judgment, Highlands' plea of intervention could not be "considered" or "entertained" as a matter of law, under *Comal County,* and Highlands never became a party to the suit below. Consequently, it could not appeal, and we would err in assuming jurisdiction in these circumstances. We therefore order the appeal dismissed for want of jurisdiction.

GAMMAGE, J., not participating.