TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00415-CV






Workers' Compensation Division, Office of the Attorney General of Texas, Appellant



v.



Beverly de la Zerda and Rudy de la Zerda, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 95-09896, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 






PER CURIAM


 Appellant, Workers' Compensation Division, Office of the Attorney General of Texas,
appeals a judgment in a suit for personal injuries. We will dismiss the appeal for want of jurisdiction.

 Appellee Beverly de la Zerda, a state employee, slipped and fell at work, injuring herself. 
She and appellee Rudy de la Zerda sued Americlean Concepts, a cleaning service, for leaving a slippery
substance on the floor where she had fallen. The de la Zerdas settled with Americlean, and based on the
parties' settlement agreement, the trial court rendered a judgment in which it ordered that the de la Zerdas
take nothing. The judgment was expressly made final by a Mother Hubbard clause. See Inglish v. Union
State Bank, 945 S.W.2d 810, 811 (Tex. 1997); Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1994).

 Two weeks after the judgment was signed, the de la Zerdas moved the trial court to
allocate the settlement proceeds. Out of the $100,000 settlement, the de la Zerdas asked the court to
approve allocating $75,000 to Beverly and $25,000 to Rudy. They proposed that the Division's lien for
past medical expenses and workers' compensation benefits and its right to offset future benefits be applied
only to Beverly's $75,000 recovery.

 The Division filed a petition in intervention the following day, objecting to the proposed
allocation and asserting its subrogation interest in the amounts it had paid Beverly for medical expenses and
workers' compensation benefits. During its plenary power, the trial court signed an order granting the
motion to allocate the settlement proceeds. The Division then perfected this appeal. 

 When a final judgment has been rendered, a plea in intervention comes too late and cannot
be considered unless and until the trial court sets aside its final judgment. First State Bank v. White, 682
S.W.2d 251, 252 (Tex. 1984); Central Mut. Ins. Co. v. Dunker, 799 S.W.2d 334, 336 (Tex.
App.--Houston [14th Dist.] 1990, writ denied); Highlands Ins. Co. v. Lumbermen's Mut. Casualty
Co., 794 S.W.2d 600, 604 (Tex. App.--Austin 1990, no writ). The rule applies to an attempt to
intervene even during the trial court's plenary power. Dunker, 799 S.W.2d at 336; Highlands, 794
S.W.2d at 604. Here, the trial court's take-nothing judgment, based on the parties' settlement agreement,
was a final judgment. Following this judgment and during the trial court's plenary power, the Division
petitioned to intervene in the proceedings. Although the trial court modified its final judgment by granting
the de la Zerdas' motion to allocate the settlement proceeds, the court never set aside its original final
judgment. See Anderson v. Keim, 943 S.W.2d 938, 944 (Tex. App.--San Antonio 1997, no writ h.)
(trial court can only set aside its judgment by express, written order).

 Because the trial court never set aside its original judgment, the Division's plea in
intervention could not, as a matter of law, be considered and it never became a party to the suit below. 
Consequently, the Division could not appeal, and we cannot assert jurisdiction. Highlands, 794 S.W.2d
at 604. We therefore dismiss the appeal for want of jurisdiction.



Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Appeal Dismissed for Want of Jurisdiction

Filed: August 28, 1997

Do Not Publish



E>



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00415-CV






Workers' Compensation Division, Office of the Attorney General of Texas, Appellant



v.



Beverly de la Zerda and Rudy de la Zerda, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 95-09896, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 






PER CURIAM


 Appellant, Workers' Compensation Division, Office of the Attorney General of Texas,
appeals a judgment in a suit for personal injuries. We will dismiss the appeal for want of jurisdiction.

 Appellee Beverly de la Zerda, a state employee, slipped and fell at work, injuring herself. 
She and appellee Rudy de la Zerda sued Americlean Concepts, a cleaning service, for leaving a slippery
substance on the floor where she had fallen. The de la Zerdas settled with Americlean, and based on the
parties' settlement agreement, the trial court rendered a judgment in which it ordered that the de la Zerdas
take nothing. The judgment was expressly made final by a Mother Hubbard clause. See Inglish v. Union
State Bank, 945 S.W.2d 810, 811 (Tex. 1997); Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1994).

 Two weeks after the judgment was signed, the de la Zerdas moved the trial court to
allocate the settlement proceeds. Out of the $100,000 settlement, the de la Zerdas asked the court to
approve allocating $75,000 to Beverly and $25,000 to Rudy. They proposed that the Division's lien for
past medical expenses and workers' compensation benefits and its right to offset future benefits be applied
only to Beverly's $75,000 recovery.

 The Division filed a petition in intervention the following day, objecting to the proposed
allocation and asserting its subrogation interest in the amounts it had paid Beverly for medical expenses and
workers' compensation benefits. During its plenary power, the trial court signed an order granting the
motion to allocate the settlement proceeds. The Division then perfected this appeal. 

 When a final judgment has been rendered, a plea in intervention comes too late and cannot
be considered unless and until the trial court sets aside its final judgment. First State Bank v. White, 682
S.W.2d 251, 252 (Tex. 1984); Central Mut. Ins. Co. v. Dunker, 799 S.W.2d 334, 336 (Tex.
App.--Houston [14th Dist.] 1990, writ denied); Highlands Ins. Co. v. Lumbermen's Mut. Casualty
Co., 794 S.W.2d 600, 604 (Tex. App.--Austin 1990, no writ). The rule applies to an attempt to
intervene even during the trial court's plenary power. Dunker, 799 S.W.2d at 336; Highlands, 794
S.W.2d at 604. Here, the trial court's take-nothing judgment, based on the parties' settlement agreement,
was a final judgment. Following this judgment and during the trial court's plenary power, the Division
petitioned to intervene in the proceedings. Although the trial court modified its final judgment by granting
the de la Zerdas' motion to allocate the settlement proceeds, the court never set aside its original final
judgment. See Anderson v. Keim, 943 S.W.2d 938, 944 (Tex. App.--San Antonio 1997, no writ h.)
(trial court can only set aside its judgment by express, written order).

 Because the trial court never set aside its original judgment, the Division's plea in
intervention could not, as a matter of law, be considered and it never became a party to the suit below. 
Consequently, the Division could not appeal, and we cannot assert jurisdiction. Highlands, 794 S.W.2d
at 604. We therefore dismiss the appeal for want of jurisdiction.



Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Appeal Dismissed for Want of Jurisdiction

Filed