NUMBER 13-00-091-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


IN RE: ESPIRIDION GUZMAN


___________________________________________________________________


On Petition for Writ of Mandamus.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Chief Justice Seerden



 This Petition for Writ of Mandamus requests that we compel the
trial court to withdraw its order requiring Relator to execute
authorizations for the release of documents in the possession of non-parties.

 Relator was the driver of a truck which was involved in a collision
in which Domingo Vargas, Sr., was killed. His heirs and survivors sued
relator, relator's employer, Bicentennial Trucking, Inc., Haas Anderson
and Warning Lites, Inc. for wrongful death and survivor benefits. 
Relator and Bicentennial settled with the Vargas plaintiffs. The litigation
underlying this mandamus action is the claim by Haas Anderson and
Warning Lites for contribution and indemnity from relator and
Bicentennial for any sums for which they may be held liable in the
Vargas litigation. They allege that relator was incompetent and unfit to
safely drive the vehicle owned by Bicentennial and that it knew or
should have known of his incompetence and unfitness and that it was
negligent in hiring relator.

 Pursuant to Rule 196, Haas Anderson requested the production
of documents from relator. Tex. R. Civ. P. 196. Subsequently, it filed a
motion to compel discovery and for sanctions because relator did not
furnish all the information requested. In its motion to compel and in
argument before the trial court, Haas Anderson, respondent, seeks to
compel relator to produce authorizations signed by relator so that
respondent can obtain his "drivers history, medical history, employment
history and worker's compensation claims." In addition, at the hearing,
respondent mentioned that medical history would also include
Veteran's Administration Records. It is undisputed that at this time no
authorization for respondent to obtain any of the information sought
exists.

 Respondent sought, and the trial court ordered, that relator
complete and sign the three forms entitled: "Consent for Release of
Medical Information," "Consent for Release of Confidential Worker's
Compensation Information," and "Consent for Release of Employment
Information." Each of the three forms begins as follows:

 NAME: ESPIRIDION GUZMAN

 D/O/B: _____________________

 S.S. #: 

The forms then recite: "I, Espiridion Guzman, . . . do hereby consent to
the release of the following information and items to" Respondent's
counsel. The release of medical information further provides that the
release of the records is to be made "pursuant to the Medical Practice
Act, Article 4495b, V.A.T.S." Each of the forms then provides the
details of the Respondent's request. The "Consent for Release of
Medical Information" states that Respondent seeks:

 Any and all medical and billing records and reports
concerning the identity, diagnosis, examination, evaluation,
history and treatment pertaining to ESPIRIDION GUZMAN for
any and all physical and/or mental injury and illness,
including any counseling or therapy for mental or emotional
distress. 


Similarly, the "Consent for Release of Confidential Worker's
Compensation Information" requests:

 Any and all information concerning any of my worker's
compensation claims or files which may be protected by any
provision of Article 8307, Section 91, Texas Revised Civil
Statutes.


Finally, the "Consent for Release of Employment Information" requests:

 Any and all employment records and reports concerning, but
not limited to, my job status, rate of pay, commissions, tips,
work history, evaluations by superiors and/or supervisors,
W-2 forms, absenteeism, prior work-related injuries, job
applications, and periodic work performance reviews. 


All three forms further recite that Guzman "understand[s] . . . that the
above listed information and items may be obtained by subpoena and/or
the use of this consent, or both . . . ." Each states that the purpose of
the consent and release is for discovery and/or evidence in this lawsuit. 


 Respondent contends that it is necessary to obtain information
about relator's past because they have information indicating he has a
history that would support their allegations of negligent entrustment
and his inability to safely operate a vehicle.

 Relator, without challenging whether the information sought by
the authorizations would be discoverable, challenges the Court's
authority to require him to sign and complete the authorizations.

 Judicial authority over the discovery of information preparatory to
trial is governed by the Texas Rules of Civil Procedure. Rule 196
governs the procedure involving Requests for production and matters
to parties. Tex. R. Civ. P. 196. Rule 205 covers the procedure for
obtaining Discovery from non-parties. Relator contends that neither of
these rules are applicable to this situation. In fact, Rule 205, deals
specifically with the type of information respondent is ultimately
seeking. Rule 205.1 states:

 A party may compel discovery from a nonparty -- that is, a
person who is not a party or subject to a party's control --
only by obtaining a court order under Rules 196.7, 202, or
204 (none of which is applicable here), or by serving a
subpoena compelling:

 

 (a) an oral deposition;

 (b) a deposition on written questions;

 (c) a request for production of documents or
tangible things, pursuant to Rule
199.2(b)(5) or Rule 200.1(b), served with a
notice of deposition on oral examination or
written questions; and 

 (d) a request for production of documents and
tangible things under this rule. 


Tex. R. Civ. P. 205.1. 

 Before the trial court, respondent contended that the action
requested "is well within the Court's discretion to order the production
of these authorizations." However, the signed authorizations were not
in existence at the time of the hearing. The effect of the Court's order
is to order relator to create the authorizations. The rules do not permit
the trial court to force a party to create documents which do not exist,
solely to comply with a request for production. See Tex. R. Civ. P.
192.3(b); In re Colonial Pipeline, 968 S.W.2d 938, 942 (Tex. 1998);
Loftin v. Martin, 776 S.W.2d 145,146 (Tex. 1989); McKinney v. National
Union Fire Ins. Co., 772 S.W.2d 72, 73 n.2 (Tex. 1989). 

 Before this Court, respondent argues that courts have the inherent
right to order a party to complete and sign this type of authorization. 
Its reliance on Lindley v. Flores, 672 S.W.2d 612 (Tex. App.--Corpus
Christi 1984, no writ), is misplaced as that case stands only for the
proposition that the court has the power and duty to control the
discovery process. However, it can only do so within the confines of
the rules of civil procedure. Similarly, respondent relies on Batson v.
Rainey, 762 S.W.2d 717 (Tex. App.--Houston [1st Dist.] 1988)(orig.
proceeding). Batson, however, is distinguishable from the present
situation. There, the relator was plaintiff in the underlying suit claiming
wrongful termination from his employment. Respondent contended
relator was terminated because of his history of alcohol and drug abuse. 
The trial court ordered relator to execute an authorization for obtaining
the medical records of a specifically named physician, such records
limited to alcohol and drug use. The only complaint made there by
relator and addressed by the court was that the court abused its
discretion because the physical and mental condition was not an issue
and the authorization waived his physician-patient privilege. 

 The court held that the trial court did not abuse its discretion in
rejecting these two claims because the physical and mental condition
could be considered an issue and because the authorization was
tailored to a specific physician and limited solely to condition at issue. 
Significantly, the Batson Court distinguished that case from another
case in which the Supreme Court held that it was an abuse of discretion
for a court to order the signing of a blank, general authorization similar
to those in question here. That authorization, in effect, waived any
privilege or confidentiality between the party and any third party from
whom an adverse litigant is seeking information. See Mutter v. Wood,
794 S.W.2d 600, 601 (Tex. 1988). The Mutter court also was not called
upon to determine the authority of a Court to order the signing of the
authorization.

 We hold that the Texas Rules of Civil Procedures do not authorize
a Court to order the creation of an authorization for a third party to
deliver information to a litigant. 

 




 Accordingly, we conditionally grant the writ of mandamus
ordering the trial court to vacate its order compelling Relator to execute
the authorizations in question. The writ of mandamus will not issue
unless the trial court fails to comply with the opinion of this Court.



 __________________________________

 ROBERT J. SEERDEN, Chief
Justice



Justice Yañez dissents.


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 4th day of May, 2000.