ACCEPTED
15-24-00082-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/9/2025 7:15 PM
CHRISTOPHER A. PRINE
CLERK

Court of Appeals Number: 15-24-00082-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/9/2025 7:15:45 PM
CHRISTOPHER A. PRINE
Clerk

_____

IN THE COURT OF APPEALS FOR

THE FIFTEENTH JUDICIAL DISTRICT OF TEXAS

_____

COURTENAY PARIS, in Her Personal Capacity, and in Her Official Capacity as Chairperson on behalf of Decriminalize Elgin, a Nonprofit, Unincorporated Political Action Committee,

*Appellant*,

v.

THE STATE OF TEXAS; and,

THE CITY OF ELGIN, TEXAS, *ET AL.*;[*]

*Appellees*

_____

**REPLY BRIEF OF APPELLANT**

_____

RICHARD GLADDEN
State Bar No. 07991330
1204 West University Dr., Ste. 307
Denton, Texas 76201
940/323-9300 (Voice)
940/539-0093 (Fax)
richscot1@hotmail.com (email)
ATTORNEY FOR APPELLANT

**APPELLANT REQUESTS ORAL ARGUMENT**

January 9, 2025

_____

[*] The remaining official-capacity Appellees on this appeal are stated on the following page.

THERESA Y. MCSHAN, Mayor of Elgin;
SUE BRASHAR, Mayor Pro Tem of Elgin; JOY CASNOVSKY, ARTHUR
GIBSON III, YALECIA LOVE, CHUCK SWAIN, MATTHEW CALLAHAN,
ALL RODRIGUEZ, and FOREST LEE DENNIS, Members of the City Council of
Elgin; THOMAS MATTIS, City Manager of Elgin; and CHRIS NOBLE, Chief of
Police of Elgin; in their Official Capacities;

*Appellees*

_____

**TABLE OF CONTENTS**

Page

Table of Contents…………………………………………………… i

Index of Authorities…………………………………………….......... ii

Introduction………………………………………………………….. 1

Appellate Jurisdiction………………………………………………... 1

I. Appellant's Reply Argument:

    a) *The District Court Erred by Granting Plaintiff's Motion to Strike Defendant-Intervenor's Petition in Intervention without First Determining Whether it had Jurisdiction over Plaintiff's Original Petition.* ………………………………………... 3

    b) *The District Court Erred When Granting the Motion for a Consent Decree and Final Judgment Jointly filed by Plaintiff and Defendant City of Elgin, without First Determining Whether it had Jurisdiction over Plaintiff's Original Petition.* …………………………………………… 7

    c) *The District Court Did Not Have Jurisdiction over Plaintiff's Original Petition.* …………………………………………….. 9

    d) *The District Court Erred When Granting Plaintiff's Motion to Strike Defendant-Intervenor's Petition in Intervention.* …………………………………………... 11

Prayer………………………………………………………………… 11

Certificate of Compliance…………………………………………… 12

Certificate of Service………………………………………………… 12

# INDEX OF AUTHORITIES

**Cases:**                                                                                                      **Page**

*Benalcazar v. Genoa Township*, 1 F.4th 421 (6th Cir. 2021)…………. 8

*Highlands Ins. Co. v. Lumbermen's Mut. Cas. Co.,* 794 S.W.2d 600
(Tex.App.–Austin 1990, no pet.).
…………………………………. 3

*In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718 (Tex. 2006)…….. 3

*Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358 (Tex.
2021) (per curiam).
…………………………………………... 2

*Local Number 93, Int'l Assoc. of Firefighters v. City of Cleveland*,
478 U.S. 501 (1986).
…………………………………………. 7, 8-9

*State v. Naylor*, 466 S.W.3d 783 (Tex. 2015)……………………... 3

*Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440
(Tex. 1993).
…………………………………………. 2

*Texas Right to Life v. Van Stean*, No. 23-0468, 2024 WL 4863170
(Tex. Nov. 22, 2024) (per curiam).
…………………………………. 3, 4, 6, 7

*Thiagarajan v. Tadepalli*, 430 S.W.3d 589, 596 n. 3 (Tex. App. –
Houston [14th Dist.] 2014).
………………………………….. 2

*Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006)……………………. 4, 5, 6

*Zeifman v. Michels,* 229 S.W.3d 460 (Tex.App.–Austin 2007, no
pet.).
…………………………………………… 3

**Statutes, Codes, Rules, and Constitutional Provisions:**

Section 370.003, Texas Local Government Code…………….............  9

Rule 12(b)(1), Federal Rules of Civil Procedure……………………..  8

Rule 12(b)(6), Federal Rules of Civil Procedure…………………….  8

Rule 9.4, Texas Rules of Appellate Procedure……………………….  12

Rule 9.5, Texas Rules of Appellate Procedure……………………….  13

Rule 60, Texas Rules of Civil Procedure…………………………….  3

Article IV, § 22, Texas Constitution (1876)………………………….  10, 11

\*\*\*\*\*

_____

**REPLY BRIEF OF APPELLANT**
_____

TO THE HONORABLE PRESIDING JUSTICE AND ASSOCIATE JUSTICES

OF THE COURT OF APPEALS FOR THE FIFTEENTH DISTRICT OF TEXAS:

## INTRODUCTION

This reply brief is filed in response to two Appellee Briefs, one filed by the Texas Attorney General on behalf of "the State of Texas," and another by Appellee City of Elgin (along with its employee/officials) which was the Defendant in the District Court. In the interest of brevity, and to avoid redundancy, in this reply brief Appellant/Defendant-Intervenor has framed her responsive arguments to those raised by the Attorney General in his brief. Nonetheless, unless otherwise directed by the Court of Appeals, Appellant/Defendant-Intervenor, through incorporation by reference of her argument in this reply brief as well as her opening brief, intends to assert the same arguments found in each of her briefs as they would apply to the contentions raised by Appellee/Defendant City of Elgin (and its employee/officials).

## APPELLATE JURISDICTION

Notwithstanding the contention of the Attorney General of Texas that "this this Court does not have appellate jurisdiction to consider [Appellant's/Defendant-

1

Intervenor's] arguments regarding Texas's standing and capacity,"[1] the Court of Appeals has plenary jurisdiction over this appeal. *First*, it is well-settled that a person who intervenes before the trial court signs a final judgment becomes a party to that judgment, and when a trial court strikes the petition, the intervenor qualifies as a party who may appeal the subsequent final judgment into which the order striking the intervention has merged, because that judgment is binding on the intervenor. *Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 362 (Tex. 2021) (per curiam).

*Second*, Texas appellate courts are "obligated" to address the existence of a trial court's "subject matter jurisdiction," *sua sponte* if necessary, "regardless of whether the parties challenged it" in the trial court. *Thiagarajan v. Tadepalli*, 430 S.W.3d 589, 596 n. 3 (Tex. App. – Houston [14th Dist.] 2014), *citing Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) ("we first consider the matter of the trial court's jurisdiction, as well as our own specifically"). As discussed in greater detail below, the Attorney General's argument places the "carriage" (whether the District Court erred when striking Defendant-Intervenor's petition in intervention) before the "horse" (whether the District Court had subject matter jurisdiction over the Attorney General's original petition in the first instance).

---

[1] *Brief of Appellee Attorney General of Texas*, filed "on behalf of" the "State of Texas," 1 (hereinafter "Plaintiff Attorney General's Brief") (filed Dec. 20, 2024).

**REPLY ARGUMENT**

**a)** ***The District Court Erred by Granting Plaintiff's Motion to Strike Defendant-Intervenor's Petition in Intervention without First Determining Whether it had Jurisdiction over Plaintiff's Original Petition.***

In *Texas Right to Life v. Van Stean*, No. 23-0468, 2024 WL 4863170 (Tex. Nov. 22, 2024) (per curiam) the Supreme Court recently clarified the analytical demarcation between "jurisdictional" issues *that must be resolved first by trial courts*, and other issues (or objections) more properly classified as "merits" issues *that may not be considered or decided by trial courts* without first resolving jurisdictional issues. *Ibid.* As Defendant-Intervenor previously discussed in her opening brief on this appeal[2] (and indeed as she contended in the District Court),[3] intervention is an "equitable" doctrine.[4] Thus, whether a third-party has a right to intervene under Rule 60 of the Texas Rules of Civil Procedure may be considered only *after* a Court has first been satisfied it has subject matter jurisdiction over a plaintiff's claims, because the former inquiry involves "equitable" (or in this

---

[2] *Appellant's Brief*, 17 (filed Oct. 21, 2024).
[3] *Defendant-Intervenor's Motion to Abate Ruling on Plaintiff's Motion to Strike Defendant-Intervenors' Petition in Intervention*, Clerk's Record ("CR"), 134 (filed June 3, 2024).
[4] *State v. Naylor*, 466 S.W.3d 783, 791 (Tex. 2015) ("To be sure, the right of intervention is ultimately rooted in equity"); citing *Zeifman v. Michels,* 229 S.W.3d 460, 464 (Tex.App.–Austin 2007, no pet.), and *Highlands Ins. Co. v. Lumbermen's Mut. Cas. Co.,* 794 S.W.2d 600, 601 (Tex.App.–Austin 1990, no pet.) ("[T]he right [to intervene] exists as a part of our State's equity jurisprudence.").

context, "merits") considerations that are distinct from whether, in the first instance, *a plaintiff* has properly invoked the trial court's jurisdiction.

In the same way that a trial court's order resolving a motion under the Texas Citizens Participation Act ("TCPA") constitutes an impermissible, non-jurisdictional "ruling on the merits," *Texas Right to Life v. Van Stean*, *supra*, 2024 WL 4863170, at *4; the order of the District Court in the instant case addressing the Attorney General's motion to strike Defendant-Intervenor's petition in intervention constituted an impermissible "merits" determination. This is so because the District Court had not first resolved the jurisdictional issues raised by Defendant-Intervenor.

In reliance on *Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006), the Attorney General asserts the District Court "held a hearing on [Defendant-Intervenor's] plea to jurisdiction,"[5] and that the District Court therefore actually did "implicitly" consider and deny Defendant-Intervenor's plea to jurisdiction before ruling on "the merits" of the Attorney General's motion to strike the petition in intervention. For three reasons *Thomas v. Long*, *supra*, does not support the Attorney General's "implicit ruling" contention.

---

[5] *Plaintiff Attorney General's Brief*, 6.

*First*, while the Attorney General contends as a factual matter that the District Court "held a hearing on [Defendant-Intervenor's] plea to jurisdiction,"[6] the record flatly establishes the contrary. Although both Defendant-Intervenor's plea to jurisdiction and the Attorney General's motion to strike *were scheduled* to be heard at the same hearing on May 29, 2024; over Defendant-Intervenor's objection, and at the Attorney General's behest, the District Court heard the motion to strike first, and at the conclusion of the hearing the District Court clearly stated on the record: "I have not heard the plea to jurisdiction. I'll put that off to a later date."[7]

*Second*, because there is no evidence in the record that the District Court at any time considered Defendant-Intervenor's plea to jurisdiction, the present case is distinguishable from the Supreme Court's decision in *Thomas v. Long*, *supra*. In *Thomas v. Long*, the Supreme Court ruled that a trial court's ruling on a motion for summary judgment, when a responsive jurisdictional challenge had been raised in a pleading opposing summary judgment, "implicitly" constituted a denial of a plea to jurisdiction by the trial court that satisfied the jurisdictional prerequisite for an interlocutory appeal. That is not the procedural posture of the instant case.

---

[6] *Plaintiff Attorney General's Brief*, 6.
[7] CR, 67.

5

Unlike the summary judgment motion considered and resolved by the trial court in *Thomas v. Long*, the Defendant-Intervenor's response in opposition to the Attorney General's motion to strike, in the present case, nowhere included a challenge to the District Court's subject matter jurisdiction. *See, Defendant-Intervenor's Response in Opposition to Plaintiff's Motion to Strike Petition in Intervention,* CR, 101.

*Third*, to the extent the Supreme Court's decision in *Thomas v. Long* could be interpreted to categorically hold that *anytime* a trial court which "rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge," *id*., 207 S.W.3d at 339-340, the Supreme Court's decision in *Thomas v. Long* has been abrogated by its subsequent decision in *Texas Right to Life v. Van Stean*, *supra*.

Under a categorical and uncritical application of the "implicit-denial-of-jurisdictional-challenges" rationale, which is asserted by the Attorney General here,[8] the Supreme Court in *Texas Right to Life v. Van Stean* would have ruled the Court of Appeals "implicitly" reversed the trial court's denial of a plea to jurisdiction when it skipped over the jurisdictional issues and "instead affirmed the trial court's order," on the "merits," which had ruled that "the TCPA d[id] not apply to the plaintiff's claims." *Texas Right to Life v. Van Stean*, *supra,* 2024 WL

---

[8] *Plaintiff Attorney General's Brief*, 22-23.

4863170, at *2. In short, the District Court erred by granting the Attorney General's motion to strike without first determining whether it had jurisdiction over the Plaintiff Attorney General's original petition.

**b)** ***The District Court Erred When Granting the Motion for a Consent Decree and Final Judgment Jointly filed by Plaintiff and Defendant City of Elgin, without First Determining Whether it had Jurisdiction over Plaintiff's Original Petition.***

The District Court's order and final judgment that granted the consent decree requested by the Attorney General and Defendant City of Elgin is obviously a "merits" ruling by the District Court, and not a "jurisdictional" one, under the analysis required under *Texas Right to Life v. Van Stean*, *supra*. Whether Defendant-Intervenor remained a party at the time the District Court granted the consent decree (after her pleadings were stricken) is irrelevant because, as previously stated by Defendant-Intervenor,[9] a Texas trial court, like all federal trial courts, is "more than a 'recorder of contracts' from whom parties can purchase injunctions,"[10] and "a consent decree must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction."[11] The "spring" in question temporally focuses on the point in time a suit is filed, and not afterwards.

---

[9] *Appellant's Brief*, 19-20.
[10] *Local Number 93, Int'l Assoc. of Firefighters v. City of Cleveland*, 478 U.S. 501, 529 (1986).
[11] *Ibid.*

The Attorney General next contends the District Court had standing under the Texas Constitution on the basis of a U.S. Court of Appeals decision, *Benalcazar v. Genoa Township*, 1 F.4th 421 (6th Cir. 2021). In *Benalcazar*, the Federal Court of Appeals for the Sixth Circuit ruled a U.S. District Court retains authority under the Federal Rules of Civil Procedure to grant a consent decree even if a plaintiff's original complaint would not have survived a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). *Id.*, 1 F.4th at 425. However, the decision in *Benalcazar* does not support the Attorney General's contention that his original petition establishes "constitutional" standing.

First of all, under the federal "notice" system of pleading, Rule 12(b)(6) does not permit dismissal of a plaintiff's complaint unless a complaint fails to "plausibly" state "a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In contrast, Rule 12(b)(1) of the Federal Rules of Civil Procedure, not Rule 12(b)(6), governs whether a federal plaintiff's complaint must be dismissed due to "a lack of subject matter jurisdiction." Fed. R.Civ.P. 12(b)(1). Apart from the Sixth Circuit's regrettable failure to distinguish between the procedural grounds for dismissal under these two non-constitutional federal procedural rules, the Attorney General in the present case predictably omits to mention in its brief a significant point: Even the Court in *Benalcazar* acknowledged that, *as a federal constitutional matter*, and in harmony with the Supreme Court's decision in *Local*

*Number 93, Int'l Assoc. of Firefighters v. City of Cleveland*, *supra*, 478 U.S. at 529, a "consent decree must spring from and serve to resolve a dispute within the court's subject matter jurisdiction." *Id.*, 1 F. 4th at 425.

**c)** ***The District Court Did Not Have Jurisdiction over Plaintiff's Original Petition.***

As Defendant-Intervenor has previously discussed in her opening brief two constitutional obstacles would have prevented the District Court from exercising jurisdiction over the Attorney General's original petition (had the District Court considered them). These issues arise not only from the failure and inability of the "State of Texas" to allege it has been (or imminently will be) "harmed" by the "non-enforcement" of the citizen initiative by the Defendant City of Elgin,[12] *but also from* the lack of any statutory law that explicitly delegates capacity to the Texas Attorney General to file suit, on behalf of "the State of Texas," as a means to enforce § 370.003 of the Texas Local Government Code ("Section 370.003" or "§ 370.003").[13] No such statutory delegation accompanies §370.003.

The Defendant-Intervenor does not question the right of "the State of Texas" to enforce laws enacted by the Texas Legislature *when the State's interests have been "harmed."* However, it is wholly another matter to contend, as does the Attorney General, that HE is the "the State of Texas," or that he is vested, under

---

[12] *Appellant's Brief*, 20-25.
[13] *Appellant's Brief*, 26-39.

Article IV, § 22 of the Texas Constitution ("Article IV, § 22"), with unbounded authority to file a civil suit in a state District Court, no matter the subject matter in dispute. And it is wholly another matter to contend, as does the Attorney General, that he is vested with unbounded authority to file a civil suit in a state District Court *regardless* of whether the Texas Legislature has expressly assigned such a "duty" to him, and *regardless* of whether the duty legislatively assigned is "mandatory" or discretionary."

Texas statutory laws, including those codified in the Texas Government Code, disclose that when the Texas Legislature desires the Attorney General to file a civil suit in a District Court to enforce Texas' statutory laws it knows how to do so. Indeed, Texas statutory laws are replete with provisions whereby the Legislature has expressly provided, with regard to *certain limited subject matters*, that "[t]he attorney general may bring any action necessary to enforce this chapter."[14] The point is that the Attorney General in this case has not cited (and he cannot cite) a single statutory provision or "law" that has authorized him to bring the present suit as required by Article IV, § 22.

The Attorney General also contends that his "lack of capacity" to bring the present civil suit in a District Court on behalf of "the State of Texas" under Article

---

[14] *E.g.*, Tex. Gov't Code, § 808.102 ("The attorney general may bring any action necessary to enforce this chapter."); Tex. Gov't Code, § 2270.0253 (same); *see also*, Tex. Health & Safety Code § 161.706 (same).

IV, § 22 is not of constitutional dimension. In support of this argument the Attorney General invokes a doctrine which provides, generally, that in the non-constitutional context a lack of "capacity" is not treated as an issue of "standing."[15] In the non-constitutional context this may generally be true. However, when a constitutional provision, such as Article IV, § 22, expressly limits the "capacity" of the Attorney General to file a civil suit in a District Court, the Attorney General's constitutional "incapacity" necessarily deprives the Attorney General of "constitutional" standing.

**d) *The District Court Erred When Granting Plaintiff's Motion to Strike Defendant-Intervenor's Petition in Intervention*.**

The Defendant-Intervenor has thoroughly explained the reasons why and how the District Court erred when granting the Attorney General's motion to strike "on the merits" her petition in intervention. For this reason, Defendant-Intervenor sees no purpose for reiterating that discussion in this reply brief, as she believes no additional response is necessary to refute the Attorney General's contentions under this issue.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellant prays the District Court's final judgment in this case will be reversed, and that this case will

---

[15] *Plaintiff Attorney General's Brief*, 33.

11

be remanded for further proceedings consistent with the applicable law provided by her in her briefs on this appeal.

Respectfully submitted,

*/s/Richard Gladden*
State Bar No. 07991330
Law Office of Richard Gladden
1204 West University Dr., Ste. 307
Denton, Texas 76201
940/323-9300 (Voice)
940/539-0093 (Fax)
richscot1@hotmail.com (email)
*Attorney for Appellant*

## CERTIFICATE OF COMPLIANCE

This is to certify that, pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, this brief was computer-generated; that it contains less than 2,462 words (*including* the items excepted by Tex.R.App.P. 9.4(i)(1)); and that it therefore complies with the 7,500 word limitation stated in Rule 9.4(i)(2)(C) of the Texas Rules of Appellate Procedure.

*/s/Richard Gladden*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on both the Attorney of Record for Appellee the State of Texas, **Corey A. Scanlon**, Assistant Solicitor General of Texas; and on the Attorney of Record for Appellee City of Elgin, Texas, and the official-capacity Appellees associated with

the City of Elgin, **Gabrielle Smith**; by use of the electronic service provider available at, and in accordance with, www.efiletexas.gov, and Rule 9.5 of the Texas Rules of Appellate Procedure, on this 9th day of January, 2025.

*/s/Richard Gladden*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Richard Gladden
Bar No. 07991330
richscot1@hotmail.com
Envelope ID: 96061271
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Reply Brief
Status as of 1/10/2025 7:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 1/9/2025 7:15:45 PM | SENT |
| Richard SGladden | | richscot1@hotmail.com | 1/9/2025 7:15:45 PM | SENT |
| Cory Scanlon | | cory.scanlon@oag.texas.gov | 1/9/2025 7:15:45 PM | SENT |
| Gabrielle Smith | | gsmith@lglawfirm.com | 1/9/2025 7:15:45 PM | SENT |
| Jose E.de la Fuente | | jdelafuente@lglawfirm.com | 1/9/2025 7:15:45 PM | SENT |
| James F.Parker | | jparker@lglawfirm.com | 1/9/2025 7:15:45 PM | SENT |